**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Jesse J. MAYNARD, Respondent.**

**SCBD No. 2307.**

Supreme Court of Oklahoma,

March 7, 1972.

Paul M. Vassar, Oklahoma City, for complainant.

Howard K. Berry, Jr., Oklahoma City, for respondent.

BERRY, Chief Justice:

Pursuant to 5 O.S.Supp.1969, Ch. 1, App. 1, Article X, [now 5 O.S.1971] this proceeding was commenced against respondent, Jesse J. Maynard, a licensed member of the Oklahoma Bar Association, to discipline respondent for alleged acts of professional misconduct. The complaint in the matter was filed, as provided in § 4 of the Article, by direction of the Board of Governors of the Oklahoma Bar Association. Thereafter, as provided by the applicable rules, a trial authority was designated by the Chief Justice and a hearing had upon the complaint, and the answer of respondent in the form of a general denial.

At conclusion of the hearing the trial authority filed a report with the Chief Justice containing findings of fact and conclu-

sions of law, and recommendation for discipline as required by the Rules, quoted below:

"1. * * * that respondent be suspended from the practice of law until the further Order of the Court, pursuant to Section 12 of Article IX of Rules.

"2. By reason of certain mitigating circumstances which appear in the record, including the fact that respondent was subjected to the strains and pressures of financial difficulties and domestic difficulties at the times involved herein, it is the recommendation of the Trial Authority that the respondent should not be disbarred, but that discipline should be limited to suspension.

"3. The Trial Authority recommends against the assessment of any part of the costs against respondent."

Upon consideration of the record in this case, we have determined to adopt the recommendations of the trial authority with this modification: From and after this opinion shall have become final a period of not less than two (2) years must elapse before respondent may make application for reinstatement.

In the complaint respondent specifically was charged with violations of professional conduct. On or about May 3, 1968, respondent accepted professional employment by one H. P. as an attorney, to recover shares of corporate stock which the latter contended were then being wrongfully withheld by the corporation. Respondent was paid $250.00 as a fee. At that time respondent advised Mr. P suit would have to be commenced within about four months, otherwise the statute of limitations would then become applicable and bar Mr. P's action. Certain papers and other instruments belonging to Mr. P were delivered to respondent. Thereafter respondent took no action and although repeatedly advising an action was about to be filed on Mr. P's behalf, respondent failed to take any action. The client finally requested refund of the $250.00 fee and return of his property. Respondent failed to comply with either request and, at the time of hearing before the trial authority, still had neglected to do anything on behalf of Mr. P or to return the fee and the client's property.

We agree with the trial authority evidence in support of the allegations preponderates in favor of the complaint against respondent. The client's testimony, introduced by deposition, was that he attempted to contact respondent approximately fifty times concerning the matter during a three months period, prior to the alleged running of the limitations statute, but was able to talk with respondent on only two occasions. On each occasion respondent advised an action would be filed soon on the client's behalf, but nothing was ever filed. The client sent a registered letter with return receipt to respondent and demanded return of both the $250.00 fee and client's property, but respondent did not reply. A complaint [which is a part of these proceedings] thereafter was filed by the client with the Oklahoma Bar Association.

In testimony at the hearing respondent did not deny any of the foregoing, except possibly that part relating to having advised the client the statute of limitations was about to run. The respondent admitted "I was lax and I was—I failed to do those things which I should have properly done in regard to Mr. P." The trial authority found that the allegations of the complaint regarding client H. P. were true. The record supports this finding.

The complaint also alleged that on August 30, 1968, respondent negotiated his personal check at a restaurant in Oklahoma City which check was "worthless and fraudulent." A copy of the check, in the amount of $12.16, introduced in evidence, discloses return by the drawee bank with the notation "account closed." An officer of the bank testified withdrawal of $8.88 the preceding month left zero balance in the account when respondent's $12.16 check thereafter was presented for payment. The witness testified the account thereafter was

"re-opened" with a small balance. There was no evidence as to who withdrew the $8.88 from the bank prior to respondent's issuance of the check to the restaurant. There was no evidence respondent was aware, when he wrote the check at the restaurant, that his account had been completely depleted. From these circumstances, the trial authority properly determined the evidence was insufficient to warrant disciplinary action against respondent on this charge.

The complaint also charged respondent with having given a number of checks (three) for rent on an apartment in which he was living, apparently after the break-up of his home. The evidence in each instance showed the checks were picked up within a relatively short period. After respondent vacated the apartment he was refunded a $25.00 deposit. Testimony of the apartment manager indicated repondent had satisfied any and all obligations owed the landlord, and left the premises in good condition when he moved out. Under these circumstances the trial authority recommended that no discipline be invoked for this charge of misconduct. We agree in this recommendation.

The fourth and final complaint concerned respondent's professional representation in two actions filed against the Organized Security Life Insurance Company in Pulaski County, Arkansas. The charge was that respondent accepted employment as attorney for the company, but did nothing on behalf of that client until the time for filing pleadings in the cases had expired and the company was in default. The complaint charged respondent was handed copies of the summons served upon his client which reflected an answer date several days after respondent received the process. Respondent did nothing until the day after the period for filing a pleading when he called an attorney in Arkansas to get an "extension of time to plead."

According to testimony of two Arkansas attorneys, the Arkansas statutes are strict under such circumstances. Failure to file any pleading during the time prescribed in the summons placed the client in a position which precluded adequate defense. This resulted in the company becoming obligated to pay out some $15,000.00 in settlement of the default judgment. There was some conflict and apparent confusion between the two Arkansas lawyers and respondent as to what, if anything, was to be done on behalf of respondent's client, other than obtain extension of time to plead. Nevertheless, the trial authority was of the view the evidence sufficiently established that respondent was neglectful and dilatory in not attending to the insurance company client's affairs so that the subsequent default judgments would not occur.

It should be noted there was testimony from the two Arkansas lawyers to the effect that after extension of time to plead had been obtained respondent was notified of such fact. Thereafter respondent neither directed the lawyers to proceed further, nor filed any pleading in either case, or take other action on behalf of his client. The trial authority recommended that upon the charge of professional misconduct above discussed respondent be disciplined. This recommendation is approved.

Upon filing this proceeding with the Chief Justice of this Court, including Report of the Trial Authority, respondent was notified he had twenty (20) days from June 8, 1971, within which to file exceptions to the Report of the Trial Authority. Respondent failed to file any such exceptions. The procedure for filing exceptions is set forth in Section 17 of Article X [5 O.S.1971, Ch. 1, App. 1].

In State of Oklahoma ex rel. Oklahoma Bar Association v. Foster [1969] Okl., 454 P.2d 654, we applied Canon 21, Canons of Professional Ethics, which is also applicable here:

"* * * It is the duty of a lawyer to be punctual, concise and direct in the disposition of causes. * * *"
And also:

"An attorney should never forget that he occupies a very important role in the administration of justice. He is an offi-

cer of the courts. In a very real sense he is an officer of the third branch of government. He is licensed to assist litigants and the courts in the administration of justice. The ordinary litigant is unable to file an action in court without the assistance of an attorney. The wheels of justice should start turning when an attorney accepts employment. As an officer of the court respondent must share some of the responsibility for the expeditious administration of justice when he accepts professional employment. * * *"

■ The trial authority found and concluded that extenuating and mitigating circumstances existed in this case, so that heavier discipline than that recommended is not indicated. We have reviewed the record and notice therefrom that during the period of respondent's difficulties, he was suffering marital problems. Respondent is 39 years old, and the father of two girls ages 11 and 16, both of whom reside with their mother in Oklahoma City. The Court recognizes in such a situation it is not improbable a man might neglect his financial and professional affairs to a greater extent than under normal circumstances.

We note respondent was admitted to practice law in Oklahoma in 1960, practiced in Oklahoma City for a time, and then was employed for a few years as an attorney with a department of state government. It was after he again commenced practicing law, and apparently during the year 1968 that he began neglecting his professional responsibilities. Respondent now lives in the state of Missouri and is employed as an accountant, a profession for which he was trained and in which he was employed for a number of years prior to becoming an attorney. Under these circumstances, we agree with the trial authority that respondent should not be disbarred, but should be suspended from practice of law in this State for a period of two years from date of this opinion. After expiration of this period, and upon payment of costs of this proceedings, respon-

dent may apply for reinstatement to membership in the Oklahoma Bar Association.

It is so ordered.

JACKSON, IRWIN, HODGES and McINERNEY, JJ., concur.

DAVISON, V. C. J., and LAVENDER, J., concur and dissent as to assessment of costs.

WILLIAMS, J., dissents.