STATE of Oklahoma ex rel. OKLAHOMA
BAR ASSOCIATION, Complainant,

v.

Caesar Cooleridge LATIMER, Respondent.

No. S.C.B.D. 2318.

Supreme Court of Oklahoma.

July 18, 1972.

Rehearing Denied July 17, 1972.

Paul M. Vassar, Gen. Counsel, Oklahoma Bar Assn., Oklahoma City, for complainant.

O. B. Graham, Tulsa, for respondent.

JACKSON, Justice.

The record in this disciplinary proceeding shows that on October 7, 1959, the respondent, Caesar Cooleridge Latimer, filed a petition to probate the estates of Maggie Cochran and Archie Williams, deceased. He had been employed by Forrest E. Pritchett, a nephew of Maggie Cochran and Archie Williams, to serve as attorney and as administrator of the estates. In respondent's petition for letters of administration he listed four heirs of Maggie Cochran. In his inventory he listed one piece of real property and household goods belonging to the estate of Maggie Cochran, deceased. The appraisers appraised the Maggie Cochran property on January 25, 1960, and evaluated the real property at $3,600.00 and the household goods at $150.-00. Archie Williams' estate consisted only of one-third interest in the Maggie Cochran estate.

On March 4, 1963, respondent, as administrator, filed a petition to sell the real property to pay the debts of the estates. Notice of hearing was mailed to the heirs, but the probate record discloses no further action taken. However, on April 6, 1962, the Home Federal Savings and Loan Association of Tulsa had filed a petition to foreclose its mortgage upon the real property alleging a default in the monthly payment ($36.00) due November 1, 1961, and a total balance due of $1,472.86 and other costs. Foreclosure judgment was entered January 16, 1964, for the total sum of $1,867.59. The property was appraised in foreclosure proceedings at $2,500.00, and sold at sheriff's sale to Home Federal Savings and Loan Association of Tulsa, mort-

gagee, for $1,750. Writ of assistance was issued March 11, 1964.

On October 7, 1968, an attorney, on behalf of Mr. Pritchett, wrote a letter requesting respondent to make an accounting of the Cochran and Williams estates. Respondent did not answer this letter and two more letters were written. On May 26, 1969, respondent apologized for not answering the letters and referred the attorney to the Oklahoma Bar Association since a complaint had already been filed with the Association.

On February 26, 1970, respondent filed his final account and petition for distribution and discharge which showed receipts of $1,146.96, and disbursements of $1,505.-00. Total claims filed against the estate, which included funeral bills for both decedents were listed at $2384.07.

The probate record before us does not include the final decree but the evidence shows that the respondent, as administrator, was by the probate court surcharged $422.70 which represented the difference between rentals collected upon the real property and funds expended for which respondent could not produce vouchers.

The Trial Authority found that respondent failed to file annual accountings as required by Oklahoma Statutes; failed to account when requested; failed to apply collections to claims having priority under the statute; and failed to promptly conclude the administration of the estates. All of these findings are supported by the evidence.

■ As a purported defense for his failure to apply rental collections to the claims having priority, he states that his testimony shows that he was "following the direct orders of his client" by using the rentals to pay on the monthly mortgage payments.

This defense overlooks the fact that the respondent, as attorney-administrator, had obligations in addition to that owed to one client. There were three living heirs interested in the estate and there were claims for funeral expenses which had priority under the statute. An attorney-administrator has no discretion to follow the orders of one heir to the detriment of all the heirs and where such orders are contrary to the procedure directed by the statutes.

■ Respondent also complains that he was not requested to promptly conclude the estates, and that there were no available funds for such purpose. Obviously it is the duty of an attorney-administrator to probate an estate as expeditiously as is prudent. It is not necessary for him to wait for a request by one of the heirs. In the instant case there were insufficient funds with which to conclude the estate without selling the real property. While we express no conclusion, it may be that prudence would have suggested an immediate sale of the real property in 1960 when it had an appraised value of $3600.00.

The complaint in this case charges and the evidence shows that the respondent failed to make annual accountings as required by statute, and that he failed to file a final account and petition for distribution and discharge until after numerous requests to conclude the estates had been made. The evidence also shows that respondent commingled estate funds with his own, however, it is not charged that respondent converted any estate funds to his own use.

■ The evidence presents an aggravated case of neglect which is not excused. It is ordered that respondent be suspended from the practice of law for a period of three months from and after the date this order becomes final.

All the Justices concur.