STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Jon R. DENNEY, Respondent.

S.C.B.D. 2820.

Supreme Court of Oklahoma.

Oct. 7, 1980.

Doyle W. Argo, Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Jon R. Denney, pro se.

WILLIAMS, Justice.

In the fall of 1978, a Mrs. Daniel contacted the Oklahoma Bar Association concerning the alleged failure and neglect by respondent to faithfully and competently represent her in his capacity as her attorney in an appeal in the Supreme Court. The matter progressed to the point that in July, 1979, the President of such Bar Association lodged a formal complaint in this Court of similar effect.

Our Code of Professional Responsibility, 5 O.S.1971 Ch. 1, App. 3, as amended, in pertinent part, inter alia provides as follows:

Disciplinary Rule 6–101(A)(3)

A lawyer shall not: . . . (3) Neglect a legal matter entrusted to him.

Disciplinary Rule 7–101(A)(2)

A lawyer shall not intentionally: . . . (2) Fail to carry out a contract of employment entered into with a client for professional services . . . .

In the case of *State ex rel. Oklahoma Bar Association v. Haworth*, 593 P.2d 765, 767 (Okl.1979), this Court in quoting our rule, 5 O.S.1971 Ch. 1, App. 1, Art. X § 14(a), there said: "To warrant a finding against the respondent in a contested [bar discipline] case, the charge . . . must be established by a preponderance of the evidence."

At a hearing conducted by the trial authority appointed by the Chief Justice pursuant to our Rules Creating and Controlling the Oklahoma Bar Association, 5 O.S.1971 Ch. 1, App. 1, Articles IX and X as amended, at which respondent was present and in which he participated, the complainant Bar Association's evidence was of effect that Mrs. Daniel consulted with respondent, who previously had represented her in other legal matters; that he told her he didn't have time to research certain legal angles of her case and she paid him $500.00 cash to have a certain firm do the research; that respondent, after reviewing the report of such research, expressed confidence she had a good cause of action; that he accepted employment and undertook to represent her in a suit which he filed for her in Pittsburg County, seeking judgment against her former husband based upon her alleged right of recovery of a portion of proceeds of sale of cattle, pursuant to contract; that the trial court later sustained a demurrer to plaintiff's petition and apparently rendered judgment against her; that respondent advised his client, the plaintiff, of her right to amend pleading or to appeal; that he advised that she should appeal; and that, reposing confidence in respondent's ability and integrity, she had respondent file her appeal in this Court.

The evidence further showed that notice of completion of record was filed August 1, 1977. Respondent was so advised and was cognizant he had sixty (60) days to file appellant's brief in chief. Appellant contacted respondent numerous times, she testified, and was advised by him that "he had everything filed and everything was under control." The appellant kept respondent advised of her whereabouts but he did not contact her.

Respondent neglected to timely file a brief on behalf of appellant. Consequently, almost a year later, this Court dismissed appellant's appeal on July 28, 1978. Appellant learned of that fact from rumors heard while visiting in McAlester over Labor Day week–end, some six weeks later.

Respondent, when confronted by appellant, and upon learning she had gone to the Bar Association with her charge concerning his alleged neglect, admitted the appeal had been dismissed and suggested in a three–way conversation with appellant and another attorney she had employed, that he would file and he thereafter did file in this Court an application for withdrawal of mandate, with included offer to prepare brief within ten days. The application pended for some three weeks but the brief was not forthcoming respondent explaining that a court official had suggested he await a favorable order before filing such brief. The application to withdraw mandate was denied.

Respondent's principal defense in the disciplinary hearing was that he asked his client to furnish proof that her former husband had $200,000.00 to $300,000.00 secreted and on deposit some place as she had stated to him. He also said the client had been ill and out of town and he had been too busy to prepare a brief. To be noted is the fact that the matter of presenting respondent with proof of plaintiff's claim related more to the merits of her case than to whether she had sufficiently alleged a cause of action in the trial court. Her testimony flatly contradicted that of respondent as to her allegedly having been ill and out of touch due to out–of–town absence.

Respondent admitted he knew when briefing time would expire; that he made no entry on his office docket to remind him

to timely file a brief; that he did not file a brief for appellant and that her right of action was, upon dismissal of her appeal, extinguished.

Respondent also admitted that "from a strictly legal standpoint" he "effectively did not give [client] a chance to produce these documents [her evidence] or prove her case."

Further, he told her he was working with the other lawyer she had called in and had prepared a new petition to re–file her action in the District Court of Pittsburg County but that representation was not true.

The trial authority made seventeen separate findings of fact including, but not limited to, those that in the subject appeal, although having undertaken to represent Mrs. Daniel, respondent had failed to file a brief in chief on her behalf, resulting in dismissal of her appeal and that he did not notify her of such dismissal.

The trial authority concluded that respondent had violated, among others, the above–quoted Rules (Canons) of Professional Responsibility. In effect, he concluded that respondent had failed and neglected to properly and competently represent Mrs. Daniel in her appeal to this Court.

The trial authority recommended respondent be publicly censured. The Bar Association in its brief has suggested respondent be suspended from the practice of law.

As this Court stated in the case of *State ex rel. Oklahoma Bar Association v. Haworth*, supra, in a Bar disciplinary proceeding, the Court will weigh the evidence but "will not reverse the trial authority's findings of fact unless" they are "against the clear weight of the evidence."

We find the trial authority's findings of fact are amply substantiated by relator's evidence and by respondent's own admissions in the described hearing.

Such finding and the conclusions of law of the trial authority are approved.

The recommendation that respondent only be censured, is noted. However, this Court, under Rules etc., supra, Article X § 16(b), may "impose discipline . . . as it deems appropriate." See *State ex rel. Oklahoma Bar Association v. Hensley*, 560 P.2d 567, 568 (Okl.1977).

In the case of *State ex rel. Oklahoma Bar Association v. Latimer*, 499 P.2d 399, 400 (Okl.1972), an attorney–administrator of the estates of two deceased persons who neglected filing reports was suspended from the practice of law for a period of three months.

In the case of *State ex rel. Oklahoma Bar Association v. Maynard*, 494 P.2d 655, 658 (Okl.), respondent having been found guilty of neglect of client's affairs, under the circumstances of that case, was suspended from the practice of law for two years.

It is ordered that respondent be suspended from the practice of law for a period of three (3) months from the effective date of this opinion and that respondent pay the costs of this proceeding prior to and as a condition precedent to being readmitted to the practice of Law.

BARNES, SIMMS, DOOLIN and OPALA, JJ., concur.

LAVENDER, C. J., IRWIN, V. C. J., and HODGES and HARGRAVE, JJ., dissent.

HODGES, Justice, dissenting.

I dissent to the suspension of the respondent from the practice of law for a period of ninety days.

I agree with the trial authority's recommendation that an appropriate disciplinary action should be a public censure.

I am authorized to state that Chief Justice Lavender, Vice Chief Justice Irwin, and Justice Hargrave concur in the views herein expressed.