STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

George L. MOTHERSHED, Respondent.

No. 3667.

Supreme Court of Oklahoma.

April 16, 1991.

Rehearing Denied June 18, 1991.

---

John Douglas, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

George L. Mothershed, pro se.

PER CURIAM:

The Oklahoma Bar Association brought disciplinary proceedings against George L. Mothershed. The Complaint charged Respondent with two separate counts of professional misconduct. Counts I and II charged Respondent with violation of DR 1–102(A)(4) and (5) of the Code of Professional Responsibility, 5 O.S.1981, Ch. 1, App. 3. One count alleges that Respondent misrepresented facts by giving inconsistent sworn testimony. The other alleges that a written document filed in a federal court case was inconsistent with a statement Respondent had earlier made under oath. The Tribunal found Respondent guilty on each count and recommended suspension for one year.

In any bar disciplinary proceedings, this court is a licensing court exercising exclusive original jurisdiction. *Oklahoma Bar Ass'n v. Stubblefield,* 766 P.2d 979, 982 (Okla.1988). While the Trial Panel's recommendations are afforded great weight, ultimately it is this court that must make the final determination. Our review in this case will therefore be *de novo* in considering the record presented as well as the Trial Panel's disciplinary recommendation. *Id.*

Count I specifically deals with Respondent's contradictory testimony concerning payment of attorney's fees resulting from his divorce in 1984. Respondent testified under oath in May, 1985 that he had not paid his attorneys any money for work done in his divorce. However, in October, 1987, Respondent testified by deposition that he had paid his attorneys a large sum of money as fees as of the first quarter of 1983.

Count II asserts that Respondent made inconsistent statements concerning whether a bribe was solicited from Respondent on behalf of a trial judge in Respondent's then pending divorce case. Respondent first testified that he did not believe a bribe had been solicited. Later, in a second case, Respondent, acting *pro se,* filed a "Statement of the Case" in Federal District Court that a bribe had been solicited.

The context of the matter is most unusual. It all arises out of Respondent's divorce case in Oklahoma County. Instead of the normal pattern where an attorney is accused by a former client, we have here a Respondent client (who only incidentally has a law license) being accused by a former attorney. All the misdeeds attributed to Respondent came in the course of his being a client or litigant, none as an attorney. Respondent resides out of state and says he doesn't practice law.

■ With regard to whether or not Respondent paid his divorce attorneys a fee, the record would support a finding that Respondent probably didn't know for sure. Sums were paid to the law office manager, who was also a person with whom Respondent had speculated in oil and gas ventures. Bookkeeping records were not conclusive as to whether Respondent's money went for attorney fees or oil ventures. Nevertheless, inconsistent statements were made under oath, only one of which could reasonably have been believed by the

speaker to have been the complete truth. In doing so we find that Mothershed violated DR 1–102(A)(4) which provides that a lawyer shall not "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." It appears, however, that his attorneys' office procedures and behavior in the divorce case explain, to considerable degree, Respondent's inconsistent positions. We take that into account in imposing discipline here. As to Count I we find Respondent in violation of the Rule, and hereby publicly reprimand the Respondent.

■ In these matters the Bar must prove its allegations of misconduct by clear and convincing evidence. Rule 6.12(c), Rules Governing Disciplinary Proceedings, 5 O.S.1981 Ch. 1, App. 1–A; *State ex rel. Oklahoma Bar Ass'n. v. Braswell*, 663 P.2d 1228, 1232 (Okla.1983). We have carefully examined the testimony concerning Count II. We conclude that the inconsistent statements on whether or not a bribe had been solicited were the result of widely varying statements made to him by attorneys representing him at the time. We find it most likely that Respondent actually changed his opinion on that subject by reason of those representations. We note that nothing in the record suggests that he ever paid anything for a bribe or that the trial judge knew anything about the statements which are the subject of Count II. The making of inconsistent statements actuated by an honest change of opinion do not constitute violation of the Code of Professional Conduct. By the standard of *Braswell, supra* we find the evidence insufficient to merit discipline as to Count II. That Count is ordered dismissed.

Respondent's request for post-hearing discovery is moot.

LAVENDER, SIMMS, HARGRAVE, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

OPALA, C.J., concurs in part and dissents in part. "I concur in dismissing Count 2 and dissent from imposing a public reprimand in Count 1. I would administer private reprimand."

HODGES, V.C.J., concurs in part and dissents in part.

DOOLIN, J., disqualified.

HODGES, Vice Chief Justice, concurring in part, dissenting in part.

The events that lead to the filing of the two-count disciplinary complaint against the respondent grew out of a bitter divorce case several years ago. While that certainly does not excuse misconduct on the part of an attorney, it is a factor for consideration where the evidence against the respondent is weak, suspect, and unconvincing. Therefore, I dissent to the disciplinary action imposed by the majority in Count I. Both complaints should be dismissed.