STATE of Oklahoma, ex rel. OKLA-HOMA BAR ASSOCIATION, Complainant,

v.

J. Michael BUSCH, Respondent.

OBAD No. 1035.
SCBD No. 3775.

Supreme Court of Oklahoma.

May 12, 1992.

As Corrected May 13, 1992.

---

John Douglas, Oklahoma City, for complainant.

J. Michael Busch, Sapulpa, for respondent.

SUMMERS, Justice.

The Bar Association filed a three-count complaint alleging that the respondent engaged in unprofessional conduct. The respondent and the Bar then appeared before a trial panel of the Professional Responsibility Commission and agreed as to findings of fact, conclusions of law, and recommendation for discipline. The parties waived briefs and the matter is before us for *de novo* review[1] of the proceedings.

### Count I

The respondent was retained to prosecute a malpractice action against a lawyer in Arkansas. The respondent filed the suit and represented his clients in discovery for nine months. He participated in five depositions and assisted with a sixth. Then with the permission of his clients he dismissed the suit without prejudice.

Approximately one year later the respondent filed a new suit against the Arkansas lawyer. A scheduling conference was set for the suit and the respondent failed to appear because he failed to docket the hearing on his office calendar. The suit was dismissed for respondent's failure to appear at the conference.

The defendant's lawyer then sought by motion to impose the attorney's fees of the defendant on respondent's clients. The respondent did not respond to this motion and the defendant requested the court to deem the motion confessed. The defendant's motions were denied, reconsidered, and then the trial court ordered the respondent to respond. The trial court denied the motion for attorney fees after the respondent filed a response and oral argument was heard.

One of the two clients filed a grievance with the bar and claimed that she had not been told of the dismissal.[2] The respondent claimed that he told both clients when the case was dismissed. Neither the client or respondent had supporting documentation. The respondent paid the surviving client $15,500 in an arm's length transaction and the client signed a release of claims against the respondent.[3]

The Bar and the respondent agreed that these actions violated DR 6–101(A)(3) of the Code of Professional Responsibility.[4] This rule states that a lawyer shall not neglect a legal matter entrusted to him. We have found neglect when a lawyer caused his client's appeal to be dismissed when the lawyer failed to file the required appellate brief. *State ex rel. Oklahoma Bar Association v. Denney*, 617 P.2d 1351 (Okla.1980). We have also found neglect when a lawyer allowed a default judgment against the lawyer's client. *State ex rel. Oklahoma Bar Association v. Maynard*, 494 P.2d 655 (Okla.1972). We agree that the respondent unprofessionally neglected his client.

### Count II

The respondent was retained to prosecute a suit arising from an automobile collision that occurred on April 4, 1988. The respondent was retained in the spring or early summer of 1988. The respondent filed the suit on April 6, 1990, but never caused a summons to be issued. On November 14, 1990 the district court dismissed the case without prejudice because no summons had been issued. The respondent failed to notify the client that his case

1. *State ex rel. Oklahoma Bar Association v. Blackburn*, 812 P.2d 379, 380 n. 3 (Okla.1991); *State ex rel. Oklahoma Bar Association v. Mothershed*, 812 P.2d 382, 383 (Okla.1991).

2. The other client died prior to when the grievance was filed.

3. The client is pursuing a negligence claim against the lawyer who practiced with the respondent.

4. The acts described in Count I predate the effective date of the Oklahoma Rules of Professional Conduct, July 1, 1988, and thus, the Code of Professional Responsibility (5 O.S.1981 Ch. 1, App. 3) applies to Count I.

had been dismissed. The stipulations also state that the respondent claims that he was never notified of the dismissal and returned the case-file to his client prior to the dismissal.

The respondent would testify that his client's claim was of questionable character. The claim involved a dispute between the drivers as to the color of the traffic light at the time of the accident. The respondent discovered that his client had a prior felony conviction, and a driving record that included "charges of driving under the influence of alcohol, refusing to submit to a test for alcohol, driving in speed in excess of posted maximum, failure to have a driver's license in possession while driving, and driving when license was suspended." The respondent discovered that his client had "a long history of accidents, resulting from alcohol and drug abuse, which made it difficult to link a specific injury to this accident." The respondent's proposed testimony is independently supported "by findings of fact of an Administrative Law Judge in a social security benefits proceeding decided January 25, 1988."

The respondent assisted his client in obtaining approximately $2,000 in insurance benefits from the client's insurance company and the respondent did not charge his client any fee.[5] The Bar and the respondent stipulated that this conduct violated Rules 1.3 and 1.4 of the Rules of Professional Conduct.[6] We agree.

## Count III

The respondent was privately reprimanded in 1990 by the Professional Responsibility Commission for violating the mandatory response provisions of Rule 5.2 of the Rules Governing Disciplinary Proceedings.

5 O.S.Supp.1987 Ch. 1, App. 1–A. The Bar included this Count to enhance discipline.

## Discipline

The Bar Association and the respondent agreed to the following discipline: That the respondent receive a public reprimand, and 2. That the respondent meet four times during the next year with a lawyer of the General Counsel's choice to discuss the respondent's office docketing and case management systems with the monitoring lawyer to submit a report on the respondent as to whether the respondent is properly managing cases.

This court has imposed varying degrees of discipline upon lawyers who have neglected cases by failing to file a suit, or failing to file required motions and responses, or allowing a default judgment without notice to the affected client. We have imposed a two year suspension, *State ex rel. Oklahoma Bar Association v. Maynard*, 494 P.2d 655 (Okla.1972), (default judgment against client); a three-month suspension, *State ex rel. Oklahoma Bar Association v. Denney*, 617 P.2d 1351 (Okla.1980) (failure to file required brief resulted in dismissal of appeal), *State ex rel. Oklahoma Bar Association v. Latimer*, 499 P.2d 399 (Okla.1972), (attorney-administrator of two estates neglected to file reports), and a public censure, *State ex rel. Oklahoma Bar Association v. Foster*, 454 P.2d 654 (Okla.1969), (attorney failed to file client's suit), *State ex rel. Oklahoma Bar Association v. Braswell*, 663 P.2d 1228 (Okla.1983), (attorney failed to file suit), *State ex rel. Oklahoma Bar Association v. Blackburn*, 812 P.2d 379 (Okla.1991), (attorney failed to file brief in Court of Criminal Appeals and record reviewed for only fundamental error), *State ex rel. Oklahoma Bar Association v. Lobaugh*, 781 P.2d 806 (Okla.1988), (failed to file case and

---

**5.** The client is pursuing a professional negligence claim against respondent.

**6.** 5 O.S.Supp.1988 Ch. 1, App. 3–A. Rule 1.3 states:
  "A lawyer shall act with reasonable diligence and promptness in representing a client."
  Rule 1.4 states:

  "(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
  (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

**848**

misrepresented this to client); *State ex rel. Oklahoma Bar Association v. Landman,* 784 P.2d 1064 (Okla.1989), (failed to file various motions). *State ex rel. Oklahoma Bar Association v. Borders,* 777 T.2d 929, 930 (Okla.1991), (failed to communicate with mother of client and lost abstract that had to be replaced by client). In at least three opinions we have indicated that public censure is an appropriate discipline when an attorney is guilty of neglect of a legal matter without affirmative acts of harmful conduct against the client. *State ex rel. Oklahoma Bar Association v. Borders,* and *Braswell,* all *supra.*

We find that the appropriate discipline in this case is a public reprimand with the added inspection and reporting requirements agreed to by the parties. The respondent is hereby reprimanded for his conduct. The General Counsel shall select a lawyer-member of the Oklahoma Bar Association who will agree to monitor the respondent in the manner specified. The complainant's motion to assess costs against the respondent in the amount of two-hundred and seventeen dollars and twenty-seven cents ($217.27) is hereby granted and the respondent is hereby ordered to pay the costs of $217.27 within thirty (30) days after the opinion herein is final.

OPALA, C.J., HODGES, V.C.J., and LAVENDER, SIMMS and ALMA WILSON, JJ., concur.

HARGRAVE and KAUGER, JJ., concurs in part, dissents in part.