**STATE of Oklahoma ex rel. OKLA-HOMA BAR ASSOCIATION, Complainant,**

v.

**Michael L. PERKINS, Respondent.**

**SCBD No. 3668.**

Supreme Court of Oklahoma.

Jan. 21, 1992.

Dan Murdock, Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Michael L. Perkins, pro se.

HODGES, Vice Chief Justice.

Complainant, Oklahoma Bar Association, alleged one count of misconduct warranting discipline against respondent attorney, Michael L. Perkins. The Professional Responsibility Tribunal (PRT) found that respondent's conduct violated DR 1–102(A)(1), DR 6–101(A)(3), DR 7–101(A)(1) and (3) of the Code of Professional Responsibility. The parties submitted Stipulations of Fact and Conclusions of Law with Agreed Recommendation for Discipline. The PRT adopted the stipulations of fact and conclusions of law as part of its findings. However, instead of the one-year suspension from the practice of law agreed to by the parties, the PRT recommended a six-month suspension.

The stipulations reflect that the "[r]espondent is a member of the Oklahoma Bar Association and is licensed to practice law by the Supreme Court of the State of Oklahoma." Respondent was licensed to practice law in Oklahoma at the time of the incident that resulted in these proceedings. The parties further stipulated as follows:

[1]. Liva Fox died on March 6, 1983.

[2]. Patricia Emmons, the daughter of Liva Fox, retained Respondent in late March or early April, 1983, to probate the will of Ms. Fox. Emmons also retained Respondent to prepare and file the federal and state tax returns for the Liva Fox estate and paid Respondent $3,500 for that representation.

[3]. Respondent filed a Petition for Probate of Will on July 16, 1986, in the District Court of Blaine County, State of Oklahoma, Case Number P–86–67.

[4]. On numerous occasions thereafter, Ms. Emmons called Respondent to obtain information on the status of the probate. Respondent failed to answer or return these calls. Also, Respondent scheduled numerous appointments in 1986 and 1987 with Ms. Emmons at his office and then failed to appear for these appointments.

[5]. Respondent later turned this probate over to Daniel Webber, an attorney in Watonga, Oklahoma, in September,

1988. Webber had agreed to conclude this probate since Respondent was moving to Tulsa. Webber prepared and filed the state and federal tax returns for the Liva Fox estate in either late 1988 or early 1989.

[6]. While handling this probate, Respondent neglected and failed to file an estate tax return with the Internal Revenue Service and the Oklahoma Tax Commission.

[7]. The Internal Revenue Service assessed penalties and interest in the amount of $12,104.60. Emmons remitted this amount to the Internal Revenue Service on October 23, 1989. The Oklahoma Tax Commission assessed interest in the amount of $2,788.45. Emmons remitted this amount to the Oklahoma Tax Commission on November 30, 1989. At Emmons' request, the Internal Rev[e]nue Service returned to her a partial refund of penalty on December 12, 1989, in the amount of $3,214.81.

[8]. Said conduct of Respondent is in violation of DR 1–102(A)(1), DR 6–101(A)(3), DR 7–101(A)(1) and (3), Code of Professional Responsibility, and constitutes grounds for professional discipline.

[9]. It is agreed and stipulated between the parties that Respondent has not been previously disciplined by the Supreme Court of Oklahoma.

[10]. It is agreed and stipulated between the parties as discipline in the above-referenced matter that Michael L. Perkins, Respondent herein, be suspended by the Supreme Court of the State of Oklahoma for a period of one (1) year and that said suspension be effective from and after the effective date of the order imposing said suspension.

[11]. Additionally, it is agreed and stipulated between the parties that Respondent shall be liable for the cost of this disciplinary proceeding and such costs shall be paid by Respondent as a condition of Respondent's reinstatement.

■ This Court exercises original jurisdiction in lawyer disciplinary proceedings. *State ex rel. Okla. Bar Ass'n v. Colston,* 777 P.2d 920, 923 (Okla.1989). The review by this Court is *de novo. Id.*

■ A review of the record shows the stipulated facts and conclusions of law to be accurate. There are additional facts which were not stipulated. This Court also finds the following. The Respondent's conduct was the result of alcohol abuse. Respondent entered treatment for substance abuse in 1987 and has been attending Alcoholics Anonymous. At the time of the hearing before the PRT, Respondent was under suspension from the practice of law for nonpayment of dues and for noncompliance with mandatory continuing legal education requirements. Respondent is without funds to make restitution.

Having examined the pleadings, the stipulations, and the transcript, this Court orders:

(1) Respondent shall be suspended from the practice of law in Oklahoma for six (6) months. Such suspension is to begin on the date of this order;

(2) Before Respondent shall be reinstated, he must (a) meet the requirements of Okla.Stat. tit. 5, ch. 1, app. 1–A, rule 10.11 (1981) (reinstatement after personal incapacity), (b) comply with the requirements of Okla.Stat. tit. 5, ch. 1, app. 1, art. VIII, § 4 (Supp.1984) (reinstatement after nonpayment of dues), and app. 1–B, rule 6 (Supp. 1988) (reinstatement after noncompliance with mandatory continuing legal education requirements), and (c) either make restitution to Patricia Emmons or submit a plan approved by the General Counsel for the Oklahoma Bar Association for making such restitution. If Respondent submits a plan rather than making restitution before reinstatement, he shall be considered reinstated but remain subject to disciplinary action for any failure to comply with the plan; and

(3) Respondent shall be liable for the cost of these disciplinary proceedings in the amount of $455.81 and the payment of such costs shall be a condition of reinstatement.

RESPONDENT SUSPENDED FROM PRACTICE OF LAW FOR SIX MONTHS; REINSTATEMENT CONDITIONED ON

COMPLIANCE WITH CERTAIN RULES AND STATUTES; RESPONDENT TO PAY COSTS.

OPALA, C.J., and LAVENDER, SIMMS, HARGRAVE, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.