**STATE of Oklahoma, ex rel. OKLA-HOMA BAR ASSOCIATION, Complainant,**

v.

**Steven ANGEL, Respondent.**

**SCBD No. 3861.**

Supreme Court of Oklahoma.

Jan. 19, 1993.

Gloria Miller White, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Steven Angel, pro se.

HARGRAVE, Justice.

This matter is before us on agreed stipulations of fact, conclusions of law and agreed recommendation of discipline presented by the parties herein. Both sides have waived filing briefs in this Court. The Respondent is a member of the Oklahoma Bar Association and is licensed to

---

practice law by the Supreme Court of Oklahoma.

Summarized, the agreed findings of fact establish that:

Respondent was retained by James S. Collins and George S. Booten in December, 1987, and on February 16, 1988 Respondent filed a complaint in the United States District Court for the Northern District of Texas, Dallas Division, Case No. 88–CV–319, *James S. Collins and George S. Booten v. Boehringer Ingelheim Pharmaceuticals, Inc.*, alleging that plaintiffs were fraudulently induced by defendant to accept a change in their commission arrangement that significantly decreased their commissions because the new method inaccurately reported sales.

Respondent engaged in substantial discovery in August and September, 1989 and on October 30, 1989, because of a missed flight, was unable to attend the court-scheduled status conference in Dallas. The court found that Respondent's failure to attend was unintentional, so Respondent was not sanctioned.

Although the stipulated facts go into great detail into the procedural background of the case and numerous requests for extensions of time for pretrial scheduling orders, the complaint herein is based on Respondent's failure to respond to defendant's motion for summary judgment filed in the case. The Motion for Summary Judgment was filed October 16, 1991, and on that date the court gave plaintiffs thirty-five days to respond. On November 19, 1991 Respondent filed a Motion to Extend Time to respond, in order to allow Respondent time to find a legitimate basis on which to oppose the motion. An extension was granted until November 26, 1991. Respondent was unable to formulate a reasonable objection to the Motion for Summary Judgment, so on November 27, 1991 he requested a second extension. The court granted plaintiffs until December 2, 1991 to respond. Respondent still did not file a response and the court granted defendant's summary judgment on the merits on December 26, 1991.

Respondent filed a Motion for New Trial, for Amendment of Judgment and for Relief from Judgment on January 10, 1992. On January 22, the court denied the motion and the plaintiffs in the lawsuit filed their complaint against Respondent with the Oklahoma Bar Association. On February 22, 1992 Respondent filed a Notice of Appeal. On April 28, 1992 the United States Court of Appeals dismissed the appeal for want of prosecution for failure to file a brief.

The record does not specify whether the clients suffered economic harm as a result of summary judgment being entered for defendant due to Respondent's failure to respond. The transcript reflects that Respondent was questioned whether the clients have alleged that they were "hurt in some way substantially." Respondent answered that the motion for summary judgment was determined on the merits, not because of the failure to respond, and that he did not recall any claim by the clients that they were injured.

The agreed conclusion of law are that: Respondent's conduct violated the mandatory provisions of Rule 1.3, Oklahoma Rules of Professional Conduct by failing to take some action with respect to the motion for summary judgment by either (a) advising the client of the lack of basis for opposing the motion for summary judgment and, if necessary, withdrawing from representation, or (b) responding to the motion for summary judgment. We adopt the agreed findings of fact and conclusions of law.

The agreed recommendation for discipline entered into between the parties was for a private reprimand by the Supreme Court. Respondent has twice previously been privately reprimanded by the Professional Responsibility Commission for neglect:

(a) on December 8, 1989, Respondent received a private reprimand from the Professional Responsibility Commission for three counts of neglect in OBAD No. 957,

(b) on May 25, 1990, Respondent received a private reprimand from the Pro-

fessional Responsibility Commission for neglect in OBAD No. 985.

The members of the Professional Responsibility Tribunal expressed concern that Respondent's actions indicated a pattern of conduct. This Court is not bound by the agreed recommendation as to discipline because this Court's review is de novo. *State ex rel. OBA v. Donnelly,* 63 OBJ 3752, 3753 (December 26, 1992). In light of the previous private reprimands for neglect and the ineffectiveness of those warnings, we find that the Respondent should be publicly reprimanded in this cause.

Respondent is hereby publicly reprimanded and is further ordered to pay the costs of this disciplinary proceeding in the amount of $409.00 (four hundred and nine dollars) within ninety days of the date of this opinion.

All Justices concur.