STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Richard Lynn THOMPSON, Respondent.

SCBD No. 3889.

Supreme Court of Oklahoma.

Nov. 2, 1993.

**340**

John Douglas, Oklahoma Bar Assn., Oklahoma City, for Oklahoma Bar Ass'n.

Richard Lynn Thompson, pro se.

SUMMERS, Justice:

The Oklahoma Bar Association filed a two-count complaint alleging that the respondent, Richard Lynn Thompson, had engaged in unprofessional conduct. The respondent and the Bar Association appeared before a trial panel of the Professional

Responsibility Commission, and agreed to findings of facts, conclusions of law and the recommendation for discipline. The parties waived briefs and the matter is before us for a de novo review.[1]

## COUNT I

Thompson was retained by Michael Grounds after a Tulsa County District Court issued a contempt citation against Grounds for non-payment of child support. The citation was issued on September 20, 1991. Respondent agreed to file a Motion to Modify Child Support. However, he did not file the motion until February 11, 1992.

The contempt citation was set for pretrial conference several times, but was continued to March 11, 1992. Some of the continuances were granted to permit respondent to file the Motion to Modify. On March 11 respondent did not appear at pretrial conference and did not tell Grounds to appear. As a result, the Tulsa County District Court issued a civil warrant for the arrest of Grounds and set a $1,000.00 bond. The court also entered a default judgment in favor of Grounds' ex-wife for past due child support. The court gave the ex-wife a wage assignment against Grounds and denied the Motion to Modify.

Grounds did not learn of the adverse judgment until after March 11, 1992, when he called his ex-wife. He then attempted to contact respondent Thompson, and left several messages on respondent's answering machine. On March 16, 1992, respondent called Grounds and stated that he had forgotten about the court date, and had been out of town. Grounds eventually posted the $1,000.00 bond, and that payment was later applied to the child support arrearage.

Respondent and the Bar Association agreed that this conduct violated Rule 1.3, of the Oklahoma Rules of Professional Conduct which states that "[a] lawyer shall act with reasonable diligence and prompt-

**1.** This Court reviews disciplinary matters de novo. *State ex rel. Oklahoma Bar Ass'n v. Donnelly,* 848 P.2d 543, 545 (Okla.1992); *State ex rel. Oklahoma Bar Ass'n v. Busch,* 832 P.2d 845, 846 n. 1 (Okla.1992); *State ex rel. Oklahoma Bar Ass'n v. Blackburn,* 812 P.2d 379, 380 n. 3 (Okla. 1991).

ness in representing a client." It was also agreed that the conduct violated Rule 1.4 of the Rules, which requires a lawyer to "keep a client reasonably informed about the status of a matter," and to "promptly comply with reasonable requests for information." Rule 1.4 also requires a lawyer to explain the matter to the client to "permit the client to make informed decisions regarding the representation. . . ."

We have found neglect when a lawyer permits a default judgment to be taken against the client. *State ex rel. Oklahoma Bar Ass'n v. Maynard*, 494 P.2d 655, 657 (Okla.1972). We have found that an attorney violated Rule 1.3 by failing to file a response to a motion for summary judgment after the court granted continuances for the response to be filed. *State ex rel. Oklahoma Bar Ass'n v. Angel*, 848 P.2d 549, 550 (Okla.1993). We have also found that failing to timely file estate tax returns and failing to return phone calls and appear at appointments with the client warranted discipline. *State ex rel. Oklahoma Bar Ass'n v. Perkins*, 827 P.2d 168, 169 (Okla.1992). We agree that under the present circumstances respondent acted in an unprofessional manner and violated Rules 1.3 and 1.4.

## COUNT II

On June 16, 1992, general counsel for the Oklahoma Bar Association sent a letter to respondent, asking him to respond to the grievance filed by Grounds. Respondent Thompson did not file a written response as requested, and a second letter was sent to him. This letter stated that respondent needed to respond within five days or a subpoena would be issued for his appearance. On July 30, 1992, the general counsel received a letter from respondent. The letter was dated July 19, 1992. In the letter, respondent asked that his delay in responding be excused due to hospitalization and other incapacitation. Respondent stated that he had returned the retainer fee paid by Grounds and his file. Although offering to supply any information needed, he did not provide any factual background regarding Grounds' complaint.

Another letter was sent by the general counsel, asking that respondent address the grievance no later than August 6, 1992. Respondent requested additional time to respond and was given until August 14, 1992. On August 18, 1992, general counsel received his response. Summarized, the letter stated that respondent had attended a pretrial conference in the Grounds' case on February 25, 1992. Respondent stated that he had informed Grounds that he need not attend, and that he later informed Grounds that a hearing was to be held on March 11. Respondent stated that he informed the court that he would be unable to attend the hearing due to docketing conflicts, and that he told Grounds about the hearing date. He stated that Grounds failed to appear, and that an adverse ruling was made. Specifically he stated the court found Grounds in contempt and set a $1,000.00 purge fee. Respondent stated that after he learned of the adverse order he contacted Grounds and agreed to refile the Motion to Modify. Before the motion was filed he stated he was contacted by Grounds' current wife, who asked for a return of the retainer fee and stated that they would no longer need his services. Respondent claimed that he returned the retainer fee, less the costs, even though he did not think the return was warranted.

After some investigation, general counsel determined that many of the facts stated in respondent's letter were false and misleading. There had been no pretrial scheduled or held on February 25, 1992. The pretrial was scheduled on March 11, 1992. Respondent did not inform the court that he could not attend the hearing, nor did he inform Grounds of the hearing date. The $1,000.00 fee was not a purge fee, but was a bond. No accounting was provided by respondent to show that all retainer fees were returned.

Respondent and the Bar Association agreed that this conduct violated Rules 8.1(a) and (b) which state that a lawyer, in connection with a disciplinary matter, shall not "knowingly make a false statement of material fact." The Rule also states that a lawyer shall not "knowingly fail to respond

to a lawful demand for information from ... a disciplinary authority...." Respondent and the Bar Association also agree that this conduct violated Rule 8.4(c) which forbids a lawyer from "engag[ing] in conduct involving dishonesty, fraud, deceit or misrepresentation." Lastly, the parties agreed that respondent's conduct was in violation of Rule 5.2, Rules Governing Disciplinary Proceedings, which states that after being served with a copy of the grievance, the lawyer shall respond with "full and fair disclosure of all the facts and circumstances pertaining to the respondent lawyer's alleged misconduct...." This rule further states that a failure to respond by the lawyer within the time granted by the general counsel shall be grounds for discipline.

 We agree that Thompson's conduct violated Rule 5.2 of the Rules Governing Disciplinary Proceedings and Rule 8.4 of the Rules of Professional Conduct. The record shows that he made the false written statement to the Bar Association knowingly. He admits both that certain facts in the statement were false and that he knew they were false. *See State ex rel. Oklahoma Bar Ass'n v. Lacoste,* 813 P.2d 501, 503 (Okla.1991) (violation of Rules of Professional Conduct and Rules Governing Disciplinary Proceedings to make a false statement in reply to a request by the Bar for information regarding a grievance); *State ex rel. Oklahoma Bar Ass'n v. Evans,* 747 P.2d 277, 279 (Okla.1987) (violation of the Rules Governing Disciplinary Proceedings is in itself grounds for discipline). We also find that the respondent violated Rule 8.1 by making a false statement to the Bar Association with regard to the Grounds' proceedings.

### MITIGATION AND DISCIPLINE

The parties agree, and the record shows, that respondent, in January 1993, confessed his alcoholism. He has been attending Alcoholic's Anonymous regularly, sometimes as often as five times a week. Respondent stated that this condition contributed to his handling of the Grounds' case and his misrepresentation to the general

counsel. Respondent has been a member of the Bar since 1990. He is in solo practice and this is the only grievance that has been filed against him since his admission to the Bar.

The parties have agreed to ninety days suspension from the practice of law, that this suspension be deferred for one year, and that respondent be on probation for one year. During this probationary period respondent shall regularly attend meetings of Alcoholics Anonymous, and shall make a contract with Lawyers Helping Lawyers to meet with a member-sponsor once a week to assure his attendance at AA meetings. The sponsor will report to the general counsel if respondent fails to meet this agreement. The parties also agreed that respondent should return to Grounds the remainder of the fees and costs he was paid. The record shows that such payment was made. If the general counsel, at any time during this one year, concludes that respondent has not followed the terms of his probation, the deferred discipline may be revoked and respondent suspended from the practice of law for ninety days. If respondent complies with all the terms of his probation for one year, the suspension of his license to practice law will not be imposed.

This Court has previously imposed punishment for the neglectful handling of a client's case. *See State ex rel. Oklahoma Bar Ass'n v. Busch,* 832 P.2d 845 (Okla. 1992) (public reprimand for the failure to cause a summons to issue which resulted in the dismissal without prejudice of the client's case); *State ex rel. Oklahoma Bar Ass'n v. Perkins,* 827 P.2d 168 (Okla.1992) (six month suspension for failing to file an estate tax return and failing to return the calls of his client or to appear at their scheduled meetings); *State ex rel. Oklahoma Bar Ass'n v. Blackburn,* 812 P.2d 379 (Okla.1991) (public censure and imposition of costs are sufficient discipline for neglecting to file a brief in a criminal matter in light of mitigating circumstances); *State ex rel Oklahoma Bar Ass'n v. Denney,* 617 P.2d 1351 (Okla.1980) (three-month suspension for failure to file an ap-

peal brief which resulted in the dismissal of appeal). We have also imposed punishment for the misrepresentation of facts to the general counsel in connection with the investigation of a grievance. *See Lacoste,* 813 P.2d at 503; *State ex rel. Oklahoma Bar Ass'n v. Hall,* 781 P.2d 821 (Okla.1989) (one-year suspension from practice was warranted by the neglect of a client matter and the false statements made to the general counsel).

■ We agree to the disciplinary terms set by the parties. Respondent shall be suspended from the practice of law for a period of ninety days. This suspension shall be deferred for a period of one year, during which time respondent shall be on probation. During this period respondent must attend Alcoholics Anonymous meetings on a regular basis. He must enter into a contract with Lawyers Helping Lawyers, and shall meet with his member-sponsor once a week. His member-sponsor shall report respondent to the Bar Association if he fails to meet the terms of this agreement. Respondent has already returned to Grounds the remainder of his retainer fee. He shall abide by the Rules of Professional Conduct, and shall cooperate with the Bar Association in any investigations of unprofessional conduct. If these terms are not followed by respondent, the suspension of discipline may be revoked. The Bar Association has also moved that costs of this proceeding be assessed against the respondent, and respondent is ordered to pay such costs, totaling $271.29, within thirty days after this opinion is final.

HODGES, C.J., and SIMMS, ALMA WILSON, KAUGER and WATT, JJ., concur.

LAVENDER, V.C.J., and HARGRAVE and OPALA, JJ., concur in part; dissent in part.