STATE of Oklahoma, ex rel. OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

Sandra Marie TILLOTSON, Respondent.

SCBD No. 3946.

Supreme Court of Oklahoma.

July 5, 1994.

---

Gloria Miller White, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Sandra Marie Tillotson, pro se.

SUMMERS, Justice:

The Oklahoma Bar Association filed a complaint alleging that the Respondent, Sandra Marie S. Tillotson, engaged in unprofessional conduct in violation of the Oklahoma Rules of Professional Conduct. Respondent Tillotson and the General Counsel for the Bar Association waived briefs. They also stipulated to findings of fact, conclusions of law, and recommendations for disciplinary action. The Professional Responsibility Tribunal accepted the findings, conclusions and recommendations submitted by the parties, and recommended suspension from the practice of law for thirty days. The parties now appear before this Court for *de novo* review.[1]

Tillotson was retained by Karen and Steven Judd to handle an ancillary probate and termination of joint tenancy of certain property located in Wagoner county. On June 5, 1991, Tillotson filed the appropriate papers to terminate the joint tenancy, and filed a petition for Probate of a Foreign Will in Wagoner county. On June 27, 1991, the trial court entered an order distributing the estate and determining the heirs. A question arose as to the probate, and Tillotson agreed to set aside the court's order in order to give notice to the proper parties. Tillotson did nothing on the matter from July 1991 to June 1992. There was only limited communication with the Judds during this period.

The Judds made complaint to the Bar Association. On July 14, 1992, the General Counsel wrote to Tillotson, asking her to communicate with Steven Judd about the status of the probate and to send the General Counsel a copy of her correspondence. Tillotson replied on July 31, 1992, stating that she filed with the court an application to set

the case for hearing and that notice of the hearing date should be received within a week. However, at the time of this letter Tillotson had not filed such an application with the trial court.

The Bar Association and Tillotson have stipulated that her conduct violated Rule 1.3, Oklahoma Rules of Professional Conduct, which states that "a lawyer shall act with reasonable diligence and promptness in representing a client." It was also agreed by the parties that such conduct violated Rule 1.4(a) which requires an attorney to "keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." As for the deceitful letter, the parties agree that this conduct was in violation of Rule 8.4(c) which states that it is professional misconduct to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." The Professional Responsibility Tribunal, by agreement of the parties, recommend a thirty-day suspension.

We agreed that the facts support the PRT's findings that Tillotson's conduct violated Rules 1.3, 1.4 and 8.4. Our case law shows that lack of diligence in the handling of a case has often been the basis for attorney discipline. *See State ex rel. Oklahoma Bar Ass'n v. Thompson,* 864 P.2d 339 (Okla. 1993) (failure to promptly handle a client matter and giving a false response to the bar association warranted a 90–day suspension). *See also State ex rel. Oklahoma Bar Ass'n v. Perkins,* 827 P.2d 168 (Okla.1992) (failure to file a tax return in a probate resulted in six months suspension); *State ex rel. Oklahoma Bar Ass'n v. Blackburn,* 812 P.2d 379 (Okla. 1991) (failure to file brief as well as the presence of a conflict of interest was sufficient to warrant a public censure); *State ex rel. Oklahoma Bar Ass'n v. Braswell,* 663 P.2d 1228 (Okla.1983) (failure to file a client's suit warranted a public censure); *State ex rel. Oklahoma Bar Ass'n v. Denney,* 617 P.2d

---

**1.** Review of disciplinary matters by this Court is *de novo. State ex rel. Oklahoma Bar Ass'n v. Donnelly,* 848 P.2d 543, 545 (Okla.1992); *State ex rel. Oklahoma Bar. Ass'n. v. Busch,* 832 P.2d

845, 846 n. 1 (Okla.1992); *State ex rel. Oklahoma Bar Ass'n v. Blackburn,* 812 P.2d 379, 380 n. 3 (Okla.1991).

1351 (Okla.1980) (failure to file brief resulted in three-month suspension). We have also imposed sanctions for the knowing misrepresentation of facts to a client. *See State ex rel. Oklahoma Bar Ass'n v. Lacoste,* 813 P.2d 501, 503 (Okla.1991); *State ex rel. Oklahoma Bar Ass'n v. Hall,* 781 P.2d 821 (Okla.1989).

In mitigation, the record shows that Tillotson has been practicing law since 1981 and has never been disciplined before this occasion. Respondent Tillotson admits her mishandling of the Judd's case and accepts responsibility for the neglect. She has fully cooperated with the Oklahoma Bar Association in the investigation and resolution of this matter. The Judds' probate matter was completed by another attorney, and the clients suffered no lasting harm.

We thus find that Respondent Sandra Marie S. Tillotson shall be, and is hereby, publicly censured for her behavior in this matter. We also find that Respondent is responsible for the costs in this matter which total $683.15. These costs are to be paid within thirty days after this opinion is final.

LAVENDER, V.C.J., and ALMA WILSON, KAUGER and WATT, JJ., concur.

OPALA, Justice, with whom HODGES, C.J., and SIMMS, HARGRAVE, Justice, join, dissenting.

I would adopt the recommendation made by the PRT and would hence suspend the respondent from the practice of law for a period of 30 days.