2000 OK 8

**STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**David M. DUNLAP, Respondent.**

**No. SCBD–4429.**

Supreme Court of Oklahoma.

Feb. 8, 2000.

Rehearing Denied March 27, 2000.

Allen J. Welch, Assistant General Counsel, Oklahoma Bar Association, Oklahoma city, Oklahoma, for Complainant.

David M. Dunlap, Oklahoma City, Oklahoma, Pro Se.

HARGRAVE, V.C.J.

¶ 1 This proceeding is brought pursuant to Rule 6, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. ch. 1, app. 10A (Supp.1999). The Respondent, David M. Dunlap, was charged with violations of Rules 1.1, 1.3, 1.4(a) and 3.2 of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S. ch. 1. App. 3A (Supp.1999). The Respondent was admitted to the Oklahoma Bar Association in May 1984 and his official address is: David M. Dunlap, OBA # 10638, 5929 N. May Avenue, Oklahoma City, Oklahoma 73112.

■ ¶ 2 The Respondent undertook to represent Tommy Dale Glass on May 13, 1996, in Glass' quest for post-conviction relief. After a jury trial in the district court of Comanche County, Oklahoma, Glass was convicted on March 31, 1983 of various crimes, including rape in the first degree, and was sentenced to 109 years. The conviction was affirmed on appeal and Glass had filed two applications for post-conviction relief, both of which were denied. Glass' wife and Respondent signed a contract which provided that the Respondent would file an application for post-conviction relief and would be paid $3,000.00 for his services. The Respondent agreed to begin work upon payment of one-half of the fee and testified that he received payment of $1500.00 approximately two weeks later. On June 5, 1996, he wrote a letter informing Glass of receipt of $1500.00 and stated that he would meet with Glass as soon as he had made some progress on the case. Respondent agreed that Glass would be allowed to review all applications and briefs before they were filed. Despite his agreement to meet with Glass within the

next several weeks, the Respondent never met with Glass in person and never has submitted any application or brief for Glass' review before filing.

¶3 Some nine months later, on April 23, 1997, Respondent filed a three-page application for post-conviction relief in the District Court of Comanche County, Oklahoma. The application failed to comply with 22 O.S.1991 § 1081 because it was not verified by the applicant and it did not contain a sworn statement of facts within the knowledge of the applicant. Although Glass' quest for post-conviction relief was based on allegedly newly-discovered information provided by Omni Investigations, the Respondent neglected to attach the Omni Report or any documents or exhibits supporting Glass' quest for relief. The Respondent also failed to file a brief in support of the application.

¶4 Despite filing two amendments to the application, the Respondent never attached the required documentation or filed a brief. The Respondent has stipulated that his insufficient documentation was one of the reasons the application was denied. On August 18, 1997, Glass, the client, filed a *pro se* amended application for post-conviction relief with the required documents attached.

¶5 By way of explanation, the Respondent testified that he had just learned in mid-April 1997 about a new federal law to take effect April 24, 1997 that would severely limit an applicant's ability to seek federal habeas corpus relief. To protect his clients' rights, Respondent felt that it was necessary to immediately get applications on file in the various counties. He had five or six applications to file that day and this short time fuse was the reason given for the deficiencies in the application he filed on behalf of Glass. The time constraint was also offered for his inability to present the application for Glass' review before filing.[1]

¶6 The District Court of Comanche County denied the application on August 28, 1997. The Respondent did not notify Glass of the denial of his application until two weeks la-

ter. Glass had just learned on his own of the denial by calling the Comanche county court clerk. The Respondent's letter to Glass incorrectly informed him that he had sixty (60) days in which to appeal, rather than thirty (30) days. Respondent said this was a typographical error.

¶7 On September 29, 1997, the Respondent filed an appeal and a motion for leave to file a successive application for post-conviction relief with the Court of Criminal Appeals. Respondent again neglected to attach the exhibits and documents that formed the basis of Glass' quest for relief. Unbeknownst to the Respondent, Glass had mailed a letter terminating his employment. Respondent did not learn of his termination until the day after he filed the appeal.

¶8 The brief filed by Respondent in the Court of Criminal Appeals was not prepared by him, but had been prepared at the correctional facility and sent to him by Glass. Glass also filed the same brief with the Court of Criminal Appeals, along with an application for leave to file successive applications for post-conviction relief pro se. The Court of Criminal Appeals expressed concern that the two briefs were identical, and they noted counsel's failure to attach any exhibits to his brief, while noting that the *pro se* brief did attach such exhibits.

¶9 The Court of Criminal Appeals, by order dated January 7, 1998, granted Glass' *pro se* request to file successive applications for relief. The Court of Criminal Appeals denied Glass' *pro se* request for counsel to withdraw and remanded that application to the district court for an evidentiary hearing on that application and on other issues not properly addressed by the district court. The Court of Criminal Appeals expressed concern about Respondent's representation of Glass, and stated that because the application and record on appeal submitted by the Respondent did not contain copies of the exhibits and documents that formed the basis of Glass' claim for relief, they were unable to

---

1. The Stipulation of Facts, paragraph 12, states that the Respondent did not prepare the application and that Glass mailed the application to the Respondent, who understood that it had been prepared by an inmate at the correctional facility. This appears to be incorrect as to the appli-cation for post-conviction relief filed on April 23, 1997 in Comanche County, Oklahoma, but may have meant to refer to the *brief* filed with the Court of Criminal Appeals on September 29, 1997, discussed *infra*.

determine whether those matters had been considered by the district court.

¶ 10 After a three-day hearing, at which Glass had obtained new counsel, the Comanche County district court again denied the application for post-conviction relief. The Court of Criminal Appeals, by order dated June 17, 1998, affirmed the denial of post-conviction relief, and referred the matter to the Oklahoma Bar Association. The Court directed the clerk to forward a copy of the order, a copy of their January 7, 1998 order, and a copy of the district court's April 7, 1998 order, to the Oklahoma Bar Association "for appropriate action."

¶ 11 The complaint filed by the Oklahoma Bar Association charged the Respondent with violations of Rules 1.1, 1.3, 1.4(a) and 3.2 of the ORPC. Rule 1.1 provides that a lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation. Rule 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client. Rule 1.4(a) provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information. Rule 3.2 provides that a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

¶ 12 The stipulated facts, coupled with Respondent's testimony before the Professional Responsibility Tribunal, establish by clear and convincing evidence that the Respondent violated the aforesaid rules of professional conduct. It remains for this Court to decide the discipline to be imposed for violation of the rules.

## MITIGATION

¶ 13 Offered in mitigation are the following: 1) Glass' appeal was ultimately considered on the merits by both the district court and the Court of Criminal Appeals; 2) the Respondent refunded all attorney fees paid by Glass; 3) Respondent was cooperative throughout the course of the investigation and prosecution of the matter; 4) in the course of the proceedings before the trial tribunal, the Respondent was forthright and contrite. The Trial Panel was impressed by

the Respondent's candor and genuine sense of remorse.

## ENHANCEMENT

¶ 14 The Respondent has been disciplined twice before. On August 24, 1990, the Respondent received a private reprimand from the Professional Responsibility Commission in OBAD # 992. The Respondent received a public censure by this Court on July 5, 1994, in *State ex rel. Okla. Bar Ass'n v. Dunlap*, 1994 OK 81, 880 P.2d 364, for commingling a portion of client fees with his personal funds. That case was submitted on stipulated facts and the parties joined in recommending a six-month suspension from the practice of law as the appropriate discipline to be imposed.

¶ 15 After analyzing the various levels of mismanagement in that case, this Court recognized the distinction between irregular record-keeping and actual misuse of funds. There was insufficient evidence to suggest that Dunlap intentionally misused or converted the client's funds. We said that the evidence suggested that his shortcomings were inadvertent. In that case, we relied on mitigating factors, chiefly that Dunlap was not likely to repeat his improper behaviors. We commented that throughout the proceedings Dunlap had steadfastly acknowledged his wrongdoing and had cooperated with the investigative process. Dunlap was plagued by personal problems at the time, and had initiated counseling. Dunlap also had implemented new office accounting procedures to prevent the poor record-keeping from recurring. We said, "[t]he facts suggest, then, that Respondent's misconduct can be attributed to one or two identifiable factors which have since been eliminated." 880 P.2d at 369.

## IMPOSITION OF DISCIPLINE

¶ 16 In its brief to this Court, the Complainant recites the stipulated facts, the items in mitigation and enhancement, and argues that neglect of legal matters in the absence of affirmative acts of misconduct warrants public censure, citing *State ex rel. Okla. Bar Ass'n v. Braswell*, 1983 OK 63, 663 P.2d 1228.

¶ 17 The Respondent's brief to this Court argues that public censure is the most severe

discipline that would be appropriate in the matter, even with the enhancement. He argues that the charges against him, in the absence of any enhancement, would warrant no more than a private reprimand. Considering the enhancement, Respondent argues that the most severe discipline that should be imposed is that of public censure.

¶ 18 The Respondent admits that he filed an insufficient application in the Comanche County district court, but argues that he was not obligated to file the application at all until his fee was paid in full, and that he did so only to protect his client.[2] He argues that Glass never paid the full fee, paying only $2650.00. Respondent points out that much of the case was handled in an acceptable and timely manner and the only possible result of his delay was the last-minute decision to file an application that was incomplete.

¶ 19 As to the delayed communication count, Respondent points out that the only specific example of delayed communication was the two-week period between the time the district court denied the application and Respondent's communication with Glass. Respondent again notes that he was under no obligation to file the application for post-conviction relief until he was fully paid. He says that "since he had not been fully paid, he would have been well within the contract to refrain from filing anything. Despite not being fully paid for his services, Respondent chose to file an application for post-conviction relief on behalf of Glass in order to protect his client's federal rights." He argues that if he had not made the attempt to protect the rights of his client, no complaint would have occurred. He states that he is not trying to excuse his behavior, but rather is suggesting that his actions in providing a service to his client, despite not being fully paid, should be considered as a "positive" in evaluating the proper discipline in this case. Respondent makes no mention of his presenting the client's "jailhouse brief" as his own work

product before the Court of Criminal Appeals.

¶ 20 We do not accept the recommendation of the PRT and the Complainant that public censure is the appropriate discipline to be imposed. We cannot agree that no period of suspension is warranted in this matter. Mr. Dunlap was treated with lenience in the previous proceeding before this Court, based on the likelihood that he would not again appear before this Court subject to professional discipline. The lenience shown in the previous matter, when Mr. Dunlap was publicly censured instead of being suspended for six months, proved to be misplaced. The actions for which Respondent presently stands charged occurred between 1996 and 1998. The transcript in the present matter echoes the transcript in *State ex rel. OBA v. Dunlap, supra.* There, as here, Respondent acknowledged his violation of the Oklahoma Rules of Professional Conduct, was extremely cooperative, and indicated that he had changed office procedures in order to prevent recurrence of the problem. While these actions are commendable, the fact remains that the Respondent is again before this Court in violation of the Rules of Professional Conduct after previous discipline.

¶ 21 In *State ex rel. Okla. Bar Ass'n v. Angel,* 1993 OK 2, 848 P.2d 549 (1993), presented on agreed stipulations of fact, conclusions of law and recommendation of private reprimand, we rejected the recommendation and imposed public censure as the appropriate discipline for violation of Rule 1.3 ORPC. The attorney had been disciplined twice previously by private reprimands from the Professional Responsibility Commission and we determined that in light of the previous private reprimands and the ineffectiveness of those warnings, the discipline should be more severe.

¶ 22 In *State ex rel. Okla. Bar Ass'n v. Giessmann,* 1997 OK 146, 948 P.2d 1227, the Professional Responsibility Tribunal recommended a private reprimand as appropriate discipline for an attorney who failed to dili-

---

**2.** Stipulations, paragraph 7, states that the parties to the contract agreed that the Respondent would begin work upon payment of one-half of his $3000.00 fee, and that the application would not be filed until the fee was paid in full. There is no provision in the contract that the application would not be filed until the fee was paid in full and no evidence that this was the agreement of the parties. The Respondent, in his brief, argued that it was "his policy" and he "always made sure that his clients understood" that nothing would be filed until full payment of his fee.

gently to represent his client in a probate matter and failed to keep the client reasonably informed. In light of the attorney's two prior disciplinary actions, we imposed a ninety-day suspension from the practice of law. Giessmann was charged with violations of Rules 1.3 and 1.4, ORPC, after accepting $1500.00 as compensation in a probate matter, then doing nothing for almost four years after filing the petition for probate. Giessmann also failed to keep his client advised about the matter, and the client was forced to hire another attorney to finish the probate. Giessmann refunded all of client's fee, plus interest. Giessmann previously had received both a private reprimand and public censure for neglect of legal matters entrusted to him. In light of the previous discipline, we ordered the Respondent suspended from the practice of law for a period of ninety days.

¶ 23 We have reviewed the record *de novo* and find suspension for a period of thirty (30) days is the appropriate discipline to be imposed in the present matter. The Complainant has filed an application to assess costs of the proceeding against the Respondent in the amount of $498.23 and we grant the application. Accordingly, the Respondent, David M. Dunlap, is suspended from the practice of law for a period of thirty (30) days from the date this opinion becomes final, is ordered to pay the costs of the proceeding, in the amount of $498.23, within ninety (90) days of the date this opinion becomes final.

RESPONDENT IS SUSPENDED FROM THE PRACTICE OF LAW FOR THIRTY (30) DAYS AND IS ORDERED TO PAY COSTS AS DIRECTED.

¶ 24 CONCUR: SUMMERS, C.J., HARGRAVE, V.C.J., HODGES, LAVENDER, BOUDREAU, JJ.

¶ 25 DISSENT: WATT (I would impose a longer period of suspension for this respondent.), WINCHESTER (joins Watt, J.), JJ.

¶ 26 NOT PARTICIPATING: OPALA, KAUGER, JJ.