2002 OK 40

**STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Steven W. VINCENT, Respondent.**

**No. SCBD 4624.**

Supreme Court of Oklahoma.

May 14, 2002.

Mike Speegle, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Complainant.

Allen M. Smallwood, Tulsa, OK, for Respondent.

BOUDREAU, J.

### I. Procedural History

¶1 The Complainant Oklahoma Bar Association (OBA) brought Rule 6 disciplinary

proceedings against Respondent attorney, Steven W. Vincent, alleging two counts of professional misconduct. Respondent was admitted to practice law in Oklahoma in 1978 and was so licensed at all times relevant to the events addressed herein. Respondent's official roster address is 403 S. Cheyenne Ave., # 304, Tulsa, Oklahoma 74103.

¶ 2 The Professional Responsibility Tribunal (Tribunal) conducted a hearing on December 5, 2001, where Respondent stipulated to violations of Rules 1.1, 1.2, 1.3, 1.4, 1.16(d), and 3.2 of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.1991 Ch. 1, App. 3–A, and Rule 5.2 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.1991 Ch. 1, App. 1–A. The Tribunal noted for purposes of enhancement of discipline that Respondent previously received one private reprimand from the Professional Responsibility Commission (Commission) on January 14, 2000, for (1) failing to attend a hearing which resulted in the client's case being dismissed, and (2) failing to timely respond to a motion which resulted in a judgment against his client for attorney fees. Upon these findings, the Tribunal recommends Respondent be publicly censured. The OBA and Respondent recommend Respondent be privately censored.

## II. Standard of Review

¶ 3 We review the evidence *de novo* to determine if the allegations of misconduct are established by clear and convincing evidence. *See State ex rel. Oklahoma Bar Ass'n v. Thomas*, 1995 OK 145, 911 P.2d 907; Rule 6.12(c), RGDP.

## III. Count I, Wilburn Complaint

¶ 4 Respondent was appointed by the court to represent Carol Wilburn in defending a contempt citation filed by her ex-husband, Carl Burt, for failure to pay court ordered child support. The parties reached a settlement wherein Wilburn agreed to relinquish her interest in the marital home and her ex-husband agreed to forgo past due child support.[1] The settlement also included an agreement that Wilburn would receive her income tax refund. Wilburn was concerned DHS, who was assisting her ex-husband in collecting past due child support, might intercept her refund pursuant to standard collection procedures if it was not notified that her child support obligations were current. In the event DHS did intercept the refund, the parties agreed it would be returned to Respondent or Wilburn.

¶ 5 After the parties concluded the settlement, the court dismissed the contempt citation by court minute and Mr. Burt's attorney agreed to draft the journal entry reflecting the agreement. When Mr. Burt's attorney failed to promptly draft the journal entry, Respondent neglected to ensure a journal entry was filed or that DHS was notified of the settlement to protect Wilburn's rights.

¶ 6 Wilburn was unable to secure a journal entry until fourteen (14) months after the settlement was reached and only after she retained another attorney. Respondent did not cooperate with Wilburn's new counsel, failed to withdraw from the case after new counsel entered his appearance and failed to timely respond to Wilburn's requests her file be returned. Wilburn contends Respondent still has not returned all of her documents. DHS subsequently intercepted Wilburn's refund and forwarded it to Mr. Burt who refused to return the funds.

¶ 7 At a hearing before the Tribunal, the parties stipulated Respondent's conduct constituted professional misconduct in violation of Rules 1.2 (scope of representation), 1.3 (diligence), 1.4 (communication), 1.16(d) (failing to take reasonable steps upon termination of representation to protect a client's interests) and 3.2 (expediting litigation) of the ORPC.

¶ 8 The ORPC imposes a mandatory duty upon attorneys to act promptly and diligently on matters and to communicate with clients. *State ex rel. Oklahoma Bar Ass'n v. Johnston*, 1993 OK 91, 863 P.2d 1136, 1145. The record before us provides clear and convincing evidence Respondent failed to act with reasonable diligence and promptness, failed to promptly reply to rea-

---

1. Wilburn now asserts Respondent failed to consider and include child support previously paid by her in determining the settlement. Respondent denies this allegation.

sonable requests for information and the return of documents, and failed to make reasonable efforts to expedite Wilburn's case in violation of Rules 1.3, 1.4 and 3.2 of the ORPC. Such conduct by Respondent warrants discipline by this Court.

¶ 9 Although Respondent stipulated and the Tribunal found a violation of Rule 1.2 of the ORPC, we find the evidence insufficient to establish a violation of this Rule. There is no evidence of a dispute between Respondent and his client regarding the objectives of his representation. Respondent accordingly stands exonerated of that charge.

¶ 10 Although the OBA did not specifically charge Respondent with a violation of Rule 1.16(d) of the ORPC, Respondent stipulated and the Tribunal found he failed, upon termination of representation, to take reasonable steps to protect Wilburn's interests, such as cooperating with new counsel and surrendering client documents. The fact the OBA did not specifically charge a violation of Rule 1.16(d) is of no consequence. The provisions of Rule 6.2 of the RGDP demand only that the complaint set forth the facts constituting the misconduct and does not require the lawyer be notified of the specific disciplinary rule the misconduct violates.

¶ 11 The Complaint alleges a correct journal entry was not filed until Wilburn obtained new counsel and that Respondent failed to return Wilburn's documents. Respondent stipulated he was aware Wilburn had retained new counsel and that he failed to return calls from, or cooperate with, Wilburn's new attorney, and failed to return Wilburn's documents despite her requests. We find the record establishes by clear and convincing evidence Respondent violated Rule 1.16(d).

### IV. Count II, Rollins Complaint

¶ 12 Frances Rollins, represented by Robert Benningfield, filed a tort action against Warehouse Market. The court later dismissed the case without prejudice. Benningfield refiled the case one year and one day following its dismissal. Warehouse Market responded to the refilling with a motion to dismiss asserting the statute of limitations.

At this point, Respondent became involved in the case and filed a response to the motion to dismiss. The court granted Warehouse Market's motion and dismissed the case. In dismissing the case, the court entered two orders. Respondent filed an appeal with this Court thirty (30) days from the date of the second order. This Court dismissed the appeal as untimely. Respondent maintains he never received the first order and mistakenly relied on the filing of the second order as the point in which his appeal time began to run.

¶ 13 Rollins alleges that, in addition to handling the tort claim against Warehouse Market, Respondent agreed to represent her in a malpractice action against Benningfield. Respondent testified he never agreed to represent her in an action against Benningfield and that he specifically advised her he did not handle attorney malpractice claims. Respondent pointed out that Rollins currently had malpractice counsel for a claim against another firm. Respondent admits, however, that he never explicitly advised Rollins (1) he would not be handling the malpractice claim; (2) to contact another attorney; and (3) as to the applicable statute of limitations. The statute of limitations on the malpractice claim has expired.

¶ 14 Respondent also acknowledges he failed to timely respond to Rollin's requests her file be returned despite her phone calls and visit.

¶ 15 Before the Tribunal the parties stipulated Respondent's conduct constituted professional misconduct in violation of Rules 1.1 (competence), 1.2 (scope of representation), 1.3 (diligence), 1.4 (communication), 1.16(d) (failing to take reasonable steps upon termination of representation to protect a client's interests) of the ORPC and Rule 5.2 (investigations) of the RGDP, and constitutes grounds for professional discipline.

¶ 16 The ORPC imposes a mandatory obligation upon attorneys to provide competent representation and to act promptly and diligently on behalf of the client in the course of that representation. Respondent violated Rules 1.1 and 1.3 of the ORPC by failing to timely and properly file Rollins' appeal. Respondent also violated Rule 1.4 and 1.16(d) of the ORPC by failing to properly respond to

Rollins' request for information and the return of her documents and by failing to surrender all Rollins' documents upon termination of representation. We find the evidence before the Tribunal clearly and convincingly establishes Respondent violated these provisions of the ORPC.

[5] ¶ 17 We also find Respondent violated Rule 1.2, ORPC, for failing to adequately consult with Rollins concerning the scope of his representation. While it is uncertain whether the scope of Respondent's representation included pursuing the malpractice claim against Benningfield, at a minimum, he should have discussed the limits of his representation with his client. The objectives or scope of services provided by a lawyer may be limited by agreement with the client or by the terms under which the lawyer's services are made available. However, the attorney bears the responsibility of ensuring the client is aware of those limitations. Respondent admits Rollins could have reasonably believed he would be representing her in the malpractice claim. Accordingly, Respondent did not adequately consult with Rollins regarding the representation and any limitations he asserts may have been placed on that representation. The Tribunal record establishes by clear and convincing evidence Respondent violated Rule 1.2.

## V. Failure to Respond to the OBA and the Office of the General Counsel

¶ 18 The OBA notified Respondent that the Rollins matter was under formal investigation and a response which contained a full and fair disclosure of all the facts and circumstances was due within twenty (20) days, as required by Rule 5.2 of the RGDP. After the twenty (20) days elapsed, Respondent replied to the OBA's request. The OBA sent Respondent a second letter requesting additional information and documentation. Respondent requested an extension of time to respond which was granted. Respondent missed this deadline and did not request or receive any further extensions. Respondent never replied to the OBA's request for additional information. The OBA deposed Respondent on November 19, 2001. Respondent was cooperative and testified he had no legal excuse for his failure to respond to OBA's letters.

¶ 19 Respondent stipulated his conduct with regard to the Rollins matter violated Rule 5.2. The record supports by clear and convincing evidence a finding Respondent violated Rule 5.2.

## VI. Enhancement

¶ 20 This Court may consider previous discipline in fashioning the degree of discipline to be imposed for an attorney's current misconduct. Rule 1.7 of the RGDP. For purposes of enhancement of discipline, OBA asserted Respondent previously received one private reprimand resulting from two complaints. Respondent received the reprimand on January 14, 2000, for (1) failing to attend a hearing which resulted in the client's case being dismissed, and (2) failing to timely respond to an opposing motion which resulted in the court entering judgment against his client for attorney fees. The attorney fee award was ultimately reduced after the client hired new counsel.

## VII. Mitigation

¶ 21 Mitigating circumstances may be considered in evaluating an attorney's conduct and assessing the appropriate discipline. *State ex rel. Oklahoma Bar Ass'n v. Taylor*, 2000 OK 35, 4 P.3d 1242, 1255. The Respondent had ample opportunity at the hearing before the Tribunal to submit any facts he wished this Court to consider. As the record currently stands, there is nothing to consider in mitigation of Respondent's misconduct.

## VIII. Discipline

¶ 22 This Court possesses original and exclusive jurisdiction in bar disciplinary proceedings. Rule 1.1 of the RGDP. The Tribunal's findings, conclusions of law, or recommendations of discipline are not binding on this Court. *State ex rel. Oklahoma Bar Ass'n v. Eakin*, 1995 OK 106, 914 P.2d 644, 648. "The ultimate responsibility to impose discipline in a case before this court is ours alone." *Id.*

¶ 23 In imposing discipline, our purpose is not to punish the involved attorney,

but to inquire into his continued fitness to practice law with a view to safeguarding the public, the courts and the legal profession. See *State ex rel. Oklahoma Bar Ass'n v. Mayes,* 1999 OK 9, 977 P.2d 1073; *State ex rel. Oklahoma Bar Ass'n v. Badger,* 1995 OK 113, 912 P.2d 312.

¶ 24 A review of the record establishes Respondent violated a number of his professional responsibilities to his clients and demonstrated an indifference to the investigatory and disciplinary processes of the OBA. Respondent's actions bring discredit upon the legal profession and form the basis for discipline.

¶ 25 Each of Respondent's violations of professional misconduct demand the imposition of discipline. This Court has imposed varying degrees of discipline on lawyers who neglected client matters. The discipline imposed has ranged from public censure to suspension. See *State ex rel. Oklahoma Bar Ass'n v. Minter,* 1998 OK 59, 961 P.2d 208 (attorney publicly censured for failing to timely and properly file a notice of intent to appeal, failing to properly respond to a client's request for information, and for failing to respond to requests for information from the OBA); *State ex rel. Oklahoma Bar Ass'n v. McManus,* 1993 OK 66, 852 P.2d 727 (attorney publicly censured for failing to respond to requests for information from the OBA, failing to answer a letter from a client's new attorney, failing to return a client's telephone calls, and failing to prosecute a client's case so that it was ultimately dismissed); *State ex rel. Oklahoma Bar Ass'n v. Angel,* 1993 OK 2, 848 P.2d 549 (attorney, who had previously received two private reprimands from the Commission, received a public censure for failing to respond to a motion for summary judgment); *State ex rel. Oklahoma Bar Ass'n v. Glass,* 1992 OK 74, 832 P.2d 831 (attorney publicly censured for failing to withdraw after being dismissed from a case and failing to respond to requests for information from his client). See also *State ex rel. Oklahoma Bar Ass'n v. Wagener,* 2002 OK 4, 48 P.3d 771 (attorney suspended for sixty (60) days for failing to adequately communicate with his client, failing to provide his client with information that would allow him to protect his own interest, failing to surrender papers and property belonging to the client and failing to adequately respond to the OBA); *State ex rel. Oklahoma Bar Ass'n v. Denney,* 1980 OK 143, 617 P.2d 1351 (Okla. 1980) (attorney suspended for three months for failing to file required brief which resulted in dismissal of appeal).

¶ 26 The professional misconduct of Respondent compels us to impose upon Respondent a thirty (30) day suspension from the practice of law. In addition, Respondent is ordered to pay the costs of these proceedings in the amount of $905.00, in accordance with Rule 6.16 of the RGDP.

### IX. Conclusion

¶ 27 For the reasons set out in this opinion, Respondent is suspended from the practice of law for thirty (30) days and is ordered to pay the costs of the investigation and disciplinary proceedings in the amount of $905.00 within ninety (90) days of the effective date of this opinion, pursuant to Rule 6.16 of the RGDP. Respondent's suspension will begin on the effective date of this opinion.

**RESPONDENT IS SUSPENDED FROM THE PRACTICE OF LAW FOR A PERIOD OF THIRTY (30) DAYS FROM THE EFFECTIVE DAY OF THIS PRONOUNCEMENT; AND COSTS IMPOSED.**

ALL JUSTICES CONCUR.