2008 OK 98

**STATE ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Letitia Denice KINSEY, Respondent.**

**SCBD No. 5388.**

Supreme Court of Oklahoma.

Nov. 4, 2008.

Janis Hubbard, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

COLBERT, J.

¶ 1 This Rule 6 proceeding for lawyer discipline presents an extreme example of a lawyer's repeated failure to respond to client grievances and her failure to comply with requests of the General Counsel for information regarding the grievances. It also involves the lawyer's repeated failure to participate in the disciplinary process and her failure to respond to this Court when directed to do so. Under the uncontested facts related in this opinion, this Court is left with no choice but to order this lawyer's disbarment.

¶ 2 Respondent, Letitia Denise Kinsey, was admitted to the Oklahoma Bar Association in 2000. She has practiced mainly in the areas of criminal and family law.

¶ 3 Respondent's prior and current disciplinary actions were based on her failure to file a written response within twenty days to

two separate sets of client grievances. The first six client grievances were received by the General Counsel between March and October of 2006. They contained allegations of client neglect, failure to communicate with clients, and failure to account for attorney fees paid to Respondent. In addition, the General Counsel filed a grievance alleging that Respondent or her staff made misrepresentations to the Office of General Counsel.

¶ 4 In each of these matters, Respondent failed to respond in writing to the grievances as required by Rule 8.1(b) of the Oklahoma Rules of Professional Conduct (ORPC), Okla. Stat. tit. 5, ch. 1, app. 3–A (2001 & Supp. 2007)("a lawyer in connection … with a disciplinary matter, shall not … knowingly fail to respond to a lawful demand for information from … [a] disciplinary authority"), and Rule 5.2 of the Rules Governing Disciplinary Proceedings (RGDP), Okla. Stat. tit. 5, ch. 1, app. 1–A (2001 & Supp.2007)("The failure of a lawyer to answer within twenty (20) days after service of the grievance … or such further time as may be granted by the General Counsel, shall be grounds for discipline."). The General Counsel was forced to obtain a subpoena duces tecum from the Professional Responsibility Commission (PRC) and Respondent's deposition was held on January 19, 2007.

¶ 5 Respondent was unprepared to respond to the allegations in the grievances. Instead, she offered a number of excuses for her failure to respond. These included her "extreme medical problems" along with the medical issues surrounding her mother and grandmother, her difficulty in receiving her mail, and her divorce. She claimed that the client files that she needed to respond to the grievances were locked in the trunk of her car and the trunk would not open. When the Assistant General Counsel informed her that a Rule 10 proceeding was being considered, based on physical incapacity, Respondent denied that she was incapable of practicing law. Within a week from the time of her deposition, Respondent had a battery of psychological tests performed by a psychologist and an assessment by the physician treating her physical ailments. Both professionals concluded that Respondent was capable of practicing law.

¶ 6 On February 23, 2007, Respondent and the Office of General Counsel entered into a Diversion Program Agreement pursuant to Rule 5.1 of the RGDP and Respondent was given a private PRC reprimand. The Agreement indicates that one of the client grievances was dismissed. As to the six remaining grievances, the private reprimand recites the PRC's conclusion that "[h]aving been informed of the results of the investigation in these matters, the circumstances consisting of mitigation on your behalf, and that you are participating in the Diversion Program, it has been determined that no action was warranted on the merits of the grievances." The PRC determined, however, that Respondent violated Rule 8.1(b) ORPC and Rule 5.2 RGDP by failing to respond to the grievances and by not fully and fairly disclosing the facts and circumstances surrounding the allegations. The private reprimand was given "in exchange for the Commission foregoing the filing of a formal complaint with the Oklahoma Supreme Court."

¶ 7 The Diversion Program Agreement made the private reprimand "conditioned upon her participation pursuant to [the] Agreement." The Agreement required Respondent to make contact with the Ethics Counsel within twenty days to schedule periodic meetings with Respondent's medical doctor, the Ethics Counsel, and other monitors who may be designated to oversee the Agreement. Respondent failed to carry out the terms of the Agreement, although she did continue to see her medical doctor periodically.

¶ 8 During the one-year term of the Agreement, the General Counsel opened seven new client grievances for formal investigation. The substance of the allegations was much the same as the earlier grievances, namely, client neglect, failure to communicate, and failure to account for attorney fees paid. As before, responses to the grievances were not forthcoming. In fact, a written response was received as to only one of the grievances and a follow up request for information concerning the response was never answered. Respondent's contact with the General Coun-

sel's office during this time consisted of a series of telephone answering machine messages in which Respondent promised to respond to the grievances. Once again, the General Counsel was forced to depose Respondent in order to obtain verbal responses to the grievances.

¶ 9 At the October 23, 2007, deposition, Respondent acknowledged that she had failed to comply with the terms of the February 23, 2007, Diversion Program Agreement. She attributed her failure to a variety of factors ranging from her ill mother, an abusive ex-husband, a burglary at her office, a break-in of her car, and other general distractions. Respondent stated, however, that she would be ready to begin complying with the terms of the Diversion Program Agreement on November 5, 2007.

¶ 10 The complaint in this matter was filed on December 28, 2007. It is based solely on Respondent's failures in responding to the second set of client grievances and it alleges seven counts of violations of Rule 8.1(b) ORPC and Rule 5.2 RGDP. Enhancement of the discipline to be imposed is urged based on the private reprimand for Respondent's failure to respond to the first set of grievances and Respondent's material breach of the Diversion Program Agreement.

¶ 11 A Professional Responsibility Tribunal (PRT) panel was convened and a hearing was set for February 26, 2008. Although Respondent had been personally served with notice of the hearing, she did not appear. Instead, she left a message on the General Counsel's voice mail requesting a list of options to appearing at the hearing because she "would rather just do one of the options even if that means releasing the license...." The telephone message was followed by a fax message in which Respondent repeated her offer to surrender her license. The PRT panel was presented with these messages and chose to reset the hearing to March 17, 2008, because twenty days had not passed from the time Respondent was served with notice of the hearing and it was therefore possible that she could timely reply. Respondent was informed of the new hearing date and was further informed that her only "option" to appearing before the PRT panel was to resign her membership in the Oklahoma Bar Association. The General Counsel's office prepared an Affidavit of Resignation. The notice of hearing and Affidavit of Resignation were sent by fax to Respondent on February 26, 2008, and were personally served on her on March 14, 2008. Respondent failed to return the Affidavit and failed to appear at the March 17, 2008, hearing.

¶ 12 At the evidentiary hearing, the Assistant General Counsel presented documentary evidence in support of each of the seven counts of misconduct alleged in the Complaint concerning the second set of grievances. To enhance the disciplinary sanction to be imposed, the Assistant General Counsel offered evidence of Respondent's material breach of the Diversion Program Agreement as well as Respondent's private PRC reprimand for failure to respond to the first set of grievances. In that hearing, the Assistant General Counsel explained that the complaint did not urge discipline as to the merits of any of the second set of client grievances because "Respondent had performed sufficient work so that the grievances were reduced to fee disputes only and dismissed [because] we could not support the underlying merits of the grievances by clear and convincing evidence."

¶ 13 The PRT panel determined that none of the litany of excuses offered by Respondent justified her failure to respond in writing to the grievances. It concluded that a violation of Rule 8.1(b) ORPC and Rule 5.2 RGDP had been demonstrated as to each of the seven counts by clear and convincing evidence. It recommended unanimously a *"suspension for a period of no less than two years and one day,* and probably longer." That recommendation and the record were forwarded to this Court.

¶ 14 The Bar Association filed its brief-in-chief and made no recommendation as to the severity of the discipline to be imposed. Respondent failed to enter an appearance in this matter or to file a brief. By an order dated June 19, 2008, this Court ordered Respondent to show cause why the discipline recommended by the PRT panel or another disciplinary sanction should not be imposed. Still, no response was received. This Court

suspended Respondent *sua sponte* from the practice of law on July 10, 2008, pending this opinion by which final discipline is now imposed. The Order of Interim Suspension directed Respondent to notify her clients and to comply with all other requirements of Rule 9.1 RGDP.

## ANALYSIS

¶ 15 Despite Respondent's failure to participate in the disciplinary proceedings, this Court determines that the record is sufficient for this Court's *de novo* examination of the allegations asserted in the complaint. That record demonstrates that Respondent was afforded a full and fair opportunity to respond to the allegations and to submit evidence in her defense and in mitigation.

¶ 16 There is no doubt that Respondent has failed repeatedly and knowingly to respond to lawful demands of a disciplinary authority in violation of Rule 8.1(b) ORPC. It is equally clear that she has failed to submit a written response within twenty days after service of the grievances as required by Rule 5.2 RGDP. Throughout these disciplinary proceedings, Respondent was given notice of the allegations of misconduct and was afforded the opportunity to respond. Instead of responding to the grievances or the complaint however, her communications with the Office of General Counsel consisted of requests for more time and excuses for not responding.

¶ 17 Respondent's recalcitrant conduct demonstrates a pattern of neglect that extends far beyond her failure to respond to the grievances or the complaint. She failed to comply with the terms of her Diversion Program Agreement. Respondent failed twice to attend her hearing before the PRT. She offered to resign and an affidavit of resignation was prepared and forwarded to her. Yet, true to her pattern of neglect, she did not follow through. Respondent has entered no appearance before this Court, nor has she filed a brief. When *ordered* by this Court to show cause concerning the final discipline to be imposed, Respondent did not respond. This matter is before this Court today for a determination of the final discipline to be imposed.

¶ 18 The PRT's recommendation of suspension for at least two years and one day was based on *State ex rel. Oklahoma Bar Association v. Robb*, 1997 OK 84, 942 P.2d 196 (suspension of two years and one day was warranted by lawyer's failure to respond to grievances filed by three clients, his failure to appear for depositions in response to subpoenas, and his failure to respond to disciplinary complaint), and *State ex rel. Oklahoma Bar Association v. Patmon*, 1998 OK 91, 975 P.2d 860 (disbarment was appropriate sanction for accepting retainer for client's untimely appeal, neglecting client matter, and failing to cooperate in disciplinary proceeding as lawyer was previously suspended for similar misconduct and lawyer's misconduct harmed clients substantially). In this matter, however, Respondent's neglect of her own disciplinary proceeding did not end with her failure to appear before the PRT. Her failure to participate in the proceedings before this Court and her failure to respond to this Court's show cause order require that a more severe disciplinary sanction be imposed.

¶ 19 This Court "take[s] a particularly dim view of disobedience to court orders. The integrity of the judicial system demands that lawyers, who are officers of the court, respect its authority.... Public confidence in the judicial system demands that the court hold lawyers accountable for disobedience to its orders." *State ex rel. Okla. Bar Ass'n v. Giger*, 2003 OK 61, ¶ 34, 72 P.3d 27, 38. A lawyer whose pattern of neglect extends to disobeying an order from this Court in her disciplinary action cannot be allowed to hold responsibility for the legal affairs of others.

¶ 20 Respondent's continuing wilful disobedience to the disciplinary authorities in this matter together with clear and convincing evidence of repeated violations of the ORPC and RGDP require this Court to order Respondent's disbarment. In view of her expressed but unfulfilled desire to resign her membership in the Oklahoma Bar Associa-

tion, this Court must conclude that Respondent anticipated this outcome.

¶ 21 Respondent's name is ordered stricken from the Roll of Attorneys. Costs are assessed in the amount of $1,262.52.

RESPONDENT DISBARRED; COSTS ASSESSED.

CONCUR: WINCHESTER, C.J.; EDMONDSON, V.C.J.; HARGRAVE, WATT, TAYLOR, COLBERT, REIF, JJ.

CONCURS IN PART, DISSENTS IN PART: KAUGER, J.