2009 OK 95

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Melissa Anne SHOMBER, Respondent.**

**No. SCBD–5519.**

Supreme Court of Oklahoma.

Dec. 15, 2009.

Janna Dunagan Hall, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for complainant.

WINCHESTER, J.

¶ 1 The complainant, Oklahoma Bar Association, brought a Rule 6 disciplinary proceeding against the respondent, Melissa Anne Shomber, for neglect of cases, misrepresentation to clients of the status of their cases, collecting and retaining fees for which no services were provided and practicing law after her license had been suspended. The cases were immigration cases and the clients entrusted their immigration status to the respondent, who frequently did not do anything in the case. After the clients complained to the Bar Association, the respondent refused to answer the grievances filed against her, and did not appear at her disciplinary hearing. The Professional Responsibility Tribunal, after the hearing, which included testimony from the respondent's former clients, unanimously recommended that the respondent be disbarred.

¶ 2 On February 10, 2009, the Oklahoma Bar Association filed a complaint against the respondent consisting of seven counts. The respondent was personally served with the complaint on March 5, 2009, when the Logan County Sheriff's Office hand delivered it to the respondent in Guthrie. The Bar Association filed an Affidavit for Proof of Service with this Court on March 13, 2009, in the Office of the Chief Justice. On March 31, 2009, the Office of the Chief Justice received Complainant's Motion to Deem Allegations Admitted. Rule 6.4 of the Rules Governing Disciplinary Proceedings, (RGDP), 5 O.S. 2001, ch. 1, app. 1–A, provides:

"The respondent shall within twenty (20) days after the mailing of the complaint file an answer with the Chief Justice. The respondent may not challenge the complaint by demurrer or motion. In the event the respondent fails to answer, the charges shall be deemed admitted, except that evidence shall be submitted for the purpose of determining the discipline to be imposed."

Because the respondent has failed to answer any of the counts in the complaint of February 10, 2009, all of the charges are deemed admitted. . The Professional Responsibility Tribunal made the following findings of fact in these counts against the respondent.

### COUNT 1—Punam Amin

¶ 3 In or about January of 2006, Punam Amin retained the respondent to obtain a labor certificate from the Department of Labor so she could continue to work in the United States. She paid the respondent $2,620.00 for this service. The respondent represented to Ms. Amin that she had submitted the appropriate paperwork to obtain the certificate and that her employer should be receiving a confirmation from the Department of Labor. Ms. Amin was subsequently unable to determine her status because the respondent failed to return her telephone calls and did not otherwise advise Ms. Amin of her status. Ms. Amin hired another attorney to perform this work and the new attorney found no proof that the respondent had ever submitted anything to the Department of Labor. The respondent failed to perform the work for which she had been hired.

¶ 4 On November 17, 2007, the Office of the General Counsel of the Bar Association received a grievance from Ms. Amin that the respondent had failed to represent her competently in the immigration case, refused to communicate with her, and failed to return her file. The respondent did not answer the General Counsel's office when it requested a response to the grievance, even after the office sent notice allowing another five days for a response before a formal investigation would begin.

¶ 5 After a formal investigation began on February 13, 2008, the Bar Association gave the respondent another twenty days to respond to the allegations in DC 08–19, but again she failed to respond. On April 25, 2008, the General Counsel's office again requested a response, but again received none. On August 18, 2008, the General Counsel's office sent an additional letter to notify the respondent that the office had not received a response. The General Counsel's office received an electronic confirmation that the certified letter was received on August 26, 2008, but the respondent did not answer.

¶ 6 The Bar Association served a Subpoena Duces Tecum on the respondent and she appeared for a deposition on September 19, 2008. The complainant and the respondent agreed that she would be allowed until October 21, 2008, to respond to this grievance, and again the respondent did not respond.

¶ 7 The respondent's acts of misconduct in Count 1 constitute professional misconduct in violation of Rules 1.1, 1.3, 1.4, 1.5, 8.1(b), 8.4(c) and 8.4(d), of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2001, as modified by 5 O.S.Supp.2008, ch. 1, app. 3–A, and Rules 1.3 and 5.2, RGDP, 5 O.S.2001, ch. 1, app. 1–A.

### COUNT 2—Vanlee Mayson

¶ 8 On or about June 5, 2006, Vanlee Mayson contracted with the respondent for legal services and representation in an immigration matter for a fee of $4,500.00. She paid $3,860.00. The respondent prepared documents and filed them with the United States Center for Immigration Service, but Ms. Mayson discovered when reviewing her file that the respondent had filed an application for asylum, for which Ms. Mayson did not qualify. The respondent was asked to file an application for cancellation of removal. She terminated the respondent and hired another attorney who filed the correct documents. In or about May of 2007, Ms. Mayson received a billing statement from the respondent reflecting work performed up to the date of the statement.

¶ 9 Ms. Mayson filed a grievance with the Office of the General Counsel on January 2, 2008. On January 22, 2008, the Office of the General Counsel sent a letter to the respondent regarding the grievance. The respondent provided a partial response to the grievance on February 10, 2008. The billing statement provided to the General Counsel's office for June 5, 2005 to May 2007 was significantly different from the billing statement previously provided to Ms. Mayson and showed a balance due of over $9,000.00. Although the respondent agreed at her September 19, 2008, deposition to provide a full and fair response to the allegations contained

in DC 08–48, she failed to provide the response.

¶ 10 The respondent's acts of misconduct in Count 2 constitute professional misconduct in violation of Rules 1.1, 1.3, 1.4, 1.5, 8.1(b), 8.4(c) and 8.4(d), ORPC, 5 O.S.2001, as modified by 5 O.S.Supp.2008, ch. 1, app. 3–A, and Rules 1.3 and 5.2, RGDP, 5 O.S.2001, ch. 1, app. 1–A.

### COUNT 3—Pui–Ching Chai

■ ¶ 11 On September 25, 2002, Pui–Ching Chai contracted for legal services with the respondent, and paid her $1,500.00 to file an Alien Employment Certification. On April 27, 2005, she paid an additional $400.00 for a Permanent Labor Certification to expedite the process. From May to October 2005, Ms. Chai paid additional monies to advertise her job in the newspaper, which was required to prove she was not taking a job from a U.S. citizen. When she was unable to obtain the certification sought she terminated the respondent and hired another lawyer. This lawyer investigated Ms. Chai's status and found that the case had been closed for several years. Ms. Chai's efforts to revive and/or reopen the case were unsuccessful, and she was then forced to proceed under an I–485 application for Permanent Residency, which was filed October 4, 2006, and which is still pending.

¶ 12 The grievance filed by Ms. Chai on August 8, 2008, complained that the respondent failed to file the appropriate documents in her immigration matter and failed to advise her that her case had been closed. The respondent did not respond to the letters sent by the Office of the General Counsel. Although the respondent agreed to respond to Ms. Chai's allegations during her September 19, 2008, deposition, she did not.

¶ 13 The respondent's acts of misconduct in Count 3 constitute professional misconduct in violation of Rules 1.1, 1.3, 1.4, 1.5, and 8.1(b), ORPC, 5 O.S.2001, as modified by 5 O.S.Supp.2008, ch. 1, app. 3–A, and Rules 1.3 and 5.2, RGDP, 5 O.S.2001, ch. 1, app. 1–A.

### COUNT 4—Stacy Thornton
### (Fife Corporation)

■ ¶ 14 On August 18, 2008, Stacy Thornton, who was the Human Resource Manager of the Fife Corporation, filed a grievance with the Office of the General Counsel that alleged the respondent neglected an immigration matter for its employee, Wolfram Ploetz. As a result, his immigration status was jeopardized. The Fife Corporation considered Mr. Ploetz a very valuable employee.

¶ 15 The Corporation had difficulty communicating with the respondent and subsequently hired another lawyer, who discovered that Mr. Ploetz had lost his eligibility and had been in the United States illegally since January 2008. The new lawyer also discovered the respondent had filed documents with the immigration service and paid the filing fees with an insufficient check. To refile Mr. Ploetz's documents, the Corporation had to pay with a credit card.

¶ 16 The new lawyer obtained a work permit for Mr. Ploetz to remain in the United States, but his I–40 filing was denied due to the respondent's failure to provide all the required initial evidence. The respondent never informed the Corporation or Mr. Ploetz that the immigration service had requested more evidence.

¶ 17 Testimony before the trial panel revealed that Mr. Ploetz was able to remain in the United States because he married and became a permanent resident. Had he not married, he would have been returned to Germany and not allowed to return for ten years.

¶ 18 The Office of the General Counsel notified the respondent in writing and requested a response to this grievance filed by the Fife Corporation, but the respondent did not reply. During her September 19, 2008, deposition, she agreed to respond to DC 08–163 by October 21, 2008, but did not respond.

¶ 19 The respondent's acts of misconduct in Count 4 constitute professional misconduct in violation of Rules 1.1, 1.3, 1.4, 1.5, 1.15, 8.1(b), 8.4(c) and 8.4(d), ORPC, 5 O.S.2001, as modified by 5 O.S.Supp.2008, ch. 1, app. 3–A,

and Rules 1.3 and 5.2, RGDP, 5 O.S.2001, ch. 1, app. 1–A.

## COUNT 5—Francis Myles

¶ 20 On October 9, 2008, Dr. Francis Myles filed a grievance against the respondent with the Office of the General Counsel. Dr. Myles is the pastor at Breakthrough City Church in McKinney, Texas. He alleged that the respondent was hired by the church to represent them in an immigration matter for which the respondent was paid approximately $2,000.00. She was to file for R–1 visas on behalf of two individuals. Although Dr. Myles made numerous telephone calls, sent e-mails and letters to determine the status of the immigration matter, the respondent did not respond to him.

¶ 21 The Office of the General Counsel mailed a letter to the respondent requesting that she contact Dr. Myles within two weeks, but she did not do so. On November 7, 2008, that office mailed an additional letter to the respondent requesting that she contact Dr. Myles within five days, but again the respondent did not do so. A formal investigation was opened and on January 7, 2009, the Office of the General Counsel sent a letter regarding DC 08–265, but the respondent failed to reply to the letter.

¶ 22 The respondent's acts of misconduct in Count 5 constitute professional misconduct in violation of Rules 1.3, 1.4, and 8.1(b), ORPC, 5 O.S.2001, as modified by 5 O.S.Supp.2008, ch. 1, app. 3–A, and Rules 1.3 and 5.2, RGDP, 5 O.S.2001, ch. 1, app. 1–A.

## COUNT 6—In Hui Won

¶ 23 On September 1, 2008, In Hui Won filed a grievance with the Office of the General Counsel alleging the respondent had abandoned his brother's and sister-in-law's immigration matters. His brother's case had been closed after the respondent paid the filing fees with an insufficient funds check. Mr. Won was forced to hire another lawyer to represent his brother, but the appeal of the denial of his visa was also denied. The attorney is currently working with Congressional officials to protect the brother from immediate deportation. Due to the respondent's inattention, Mr. Won's sister-in-law was forced to leave the United States and is now living in Korea.

¶ 24 The respondent failed to respond to each letter from the Office of the General Counsel regarding this grievance. The respondent's acts of misconduct in Count 6 constitute professional misconduct in violation of Rules 1.1, 1.3, 1.4, 1.5, 1.15, and 8.1(b), ORPC, 5 O.S.2001, as modified by 5 O.S.Supp.2008, ch. 1, app. 3–A, and Rules 1.3 and 5.2, RGDP, 5 O.S.2001, ch. 1, app. 1–A.

## COUNT 7—Michelle Johnson

¶ 25 Michelle Johnson filed a grievance on January 16, 2009, with the Office of the General Counsel that alleged she paid the respondent a retainer of $800.00 on August 23, 2008, to file for a removal of condition on her permanent resident card. This amount was to pay for filing fees and initial work. The respondent did not return any of Ms. Johnson's phone calls and did not provide any proof the filing had been made. Because the filing was not made in a timely manner, her immigration status was in jeopardy. Ms. Johnson was forced to obtain new counsel at further expense. Her new lawyer learned that Ms. Johnson's visa had expired because of the respondent's neglect.

¶ 26 The respondent was suspended from the practice of law on June 30, 2008, for failure to comply with MCLE requirements. During her deposition on September 19, 2008, she assured counsel for the complainant that she was not practicing law. The facts reveal that she had taken Ms. Johnson's retainer less than two months after she had been suspended from the practice of law and less than a month before her deposition where she testified she had not been practicing law.

¶ 27 The respondent's acts of misconduct in Count 3 constitute professional misconduct in violation of Rules 1.3, 1.5, 5.5, 8.4(c) and 8.4(d), ORPC, 5 O.S.2001, as modified by 5 O.S.Supp.2008, ch. 1, app. 3–A, and Rules 1.3, RGDP, 5 O.S.2001, ch. 1, app. 1–A.

## CONCLUSION

¶ 28 This Court determines that the record is sufficient for our *de novo* review of

the allegations asserted by the complainant, as it demonstrates that the respondent was afforded a full and fair opportunity to respond to the allegations and submit evidence in her defense and in mitigation. *State ex rel. Oklahoma Bar Association v. Kinsey,* 2008 OK 98, ¶ 15, 205 P.3d 866, 869. Based on the allegations admitted due to the respondent's failure to answer, and the testimony of the witnesses before the Professional Responsibility Tribunal, the charges against the respondent have been proven by clear and convincing evidence. The Tribunal observed that the majority of the May 1, 2009, hearing showed the effect of the respondent's actions and inactions on her clients. Eight witnesses testified and fifty-four exhibits were admitted into evidence. The grievances arose out of the respondent's immigration and naturalization practice, which is highly specialized, and requires attention to detail and deadlines. The penalties for late or incomplete filings are severe for the clients.

¶ 29 The Tribunal further observed that the practice is highly important to culturally diverse clientele because they have little or no knowledge of the law in this area and many have limited English language skills. Accordingly, they are completely dependent on their immigration lawyer to guide them through the regulations and laws regarding their immigration status. Many of these clients have limited resources to expend on legal services, and are at the mercy of their lawyer, whom they solely rely on to solve their problems relating to their immigration status.

¶ 30 The Tribunal concluded that the evidence revealed a pattern of abuse by the respondent, who would charge a fee for services before any were rendered, and then would either fail to render any service or would perform the service in a grossly negligent manner. She did not keep her clients apprised of their legal status or she would give them false information regarding that status. After the clients discovered the misconduct, the respondent did not return the file material to the clients or the new attorneys even after she had been terminated in her employment. She would not return any of the sums paid to her as legal fees when

such a demand was made. Finally, she ignored all correspondence sent to her by the Bar Association, and appeared only when subpoenaed. Even when she testified under oath that she would respond to the grievances, she did not.

¶ 31 In bar disciplinary proceedings this Court's function is to protect the public and determine an attorney's continued fitness to practice law. *State ex rel. Oklahoma Bar Association v. Seratt,* 2003 OK 22, ¶ 46, 66 P.3d 390, 397. The respondent violated Rule 1.1 (failure to competently represent her clients), Rule 1.3 (failure to exercise due diligence in representing her clients), Rule 1.4 (failure to communicate with her clients), Rule 1.5 (charging unreasonable fees for work performed), Rule 1.15 (failure to account for funds coming into her possession and failure to deliver unearned funds upon demand by the clients), and Rule 5.5 (unauthorized practice of law), 8.1(b) (failure to respond to a lawful demand for information from a disciplinary authority), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct. The respondent also violated Rule 1.3 (bringing discredit on the legal profession by her conduct), and Rule 5.2 (failing to answer grievances) of the Rules Governing Disciplinary Proceedings.

¶ 32 We find that the complainant provided sufficient notice to the respondent through letters, certified letters, a deposition and personal service to afford the respondent due process in allowing her a reasonable opportunity to be heard, and the right to confront unfavorable witnesses. Due process does not mean that a respondent may attempt to thwart discipline by willfully failing to attend a disciplinary hearing. *State ex rel. Oklahoma Bar Association v. Lobaugh,* 1988 OK 144, ¶ 15, 781 P.2d 806, 811.

¶ 33 The respondent's repeated misconduct, including her unauthorized practice of law warrants disbarment. The respondent's name is ordered stricken from the Roll of Attorneys. Costs are assessed in the amount of $1,078.08. As a condition to any application for reinstatement of the respondent, she

must repay all fees collected from the seven persons who filed grievances against her herein, or for any of the seven persons whom the Fund has paid, the respondent shall reimburse the Client Security Fund for that payment.

**THE RESPONDENT IS DISBARRED AND ORDERED TO PAY COSTS.**

ALL JUSTICES CONCUR.